75 N.J. Super. 246 (1962)
183 A.2d 98
RONALD GERVOLINO, AN INFANT, ETC., ET AL., PLAINTIFFS, AND MARION GERVOLINO, PLAINTIFF-APPELLANT,
v.
WILLIAM PORTER, DEFENDANT.
UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1962.
Decided June 27, 1962.
*247 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Hugh J. O'Gorman argued the cause for appellant.
Mrs. Annamay T. Sheppard argued the cause for respondent (Mr. William O. Barnes, Jr., attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The question here is whether plaintiff, Marion Gervolino, complied with the statutory requirement of giving notice to the Unsatisfied Claim and Judgment Fund Board pursuant to N.J.S.A. 39:6-65. The statute directs that the claimant, "shall, within 90 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board * * * of his intention to make a claim thereon * * *." There follows a proviso extending the period where the claimant is "physically incapable of giving said notice within said period * * *." See, as to the latter, Giacobbe v. Gassert, 29 N.J. 421 (1959).
In this case the accident occurred December 25, 1957. Plaintiff's attorney mailed the notice to the Board March 25, 1958 (90 days after the accident), and it was received at the office of the Board March 26, 1958.
*248 In the Law Division and in the original appellate briefs submitted to us the only contention made by plaintiff was that she was physically incapable of giving the notice for at least one day, so as to gain her the benefit of the statutory proviso referred to and make her notice timely. At the oral argument, however, plaintiff requested leave to submit the alternative argument that the notice was timely because mailed within the 90-day period. Defendant commendably consented to the consideration of the issue by the court in the interest of affording the bar and the public a judicial ruling on the point. In that spirit, and to do substantial justice in this case, we accept the issue although raised belatedly. The parties have filed supplemental briefs treating this question, and these have been considered by the court.
We have concluded that notice was given in time because mailed to the Board within 90 days after the accident. We therefore do not discuss the issue as to alleged physical incapacity to give notice at any length. Plaintiff's argument thereon does not impress us. She was only slightly shaken up, had no medical treatment for a week after the accident, and only weekly office treatments thereafter. Emotional concern for the welfare of her husband and parents, more seriously injured in the same accident, will not spell out physical incapacity to give notice within the reasoning of Giacobbe v. Gassert, supra, and other decisions following it. And see Russo v. Forrest, 52 N.J. Super. 233 (App. Div. 1958).
Some of the considerations pertinent in determining the question here presented were discussed in the recent decision of another part of this court in Szczesny v. Vasquez, 71 N.J. Super. 347 (App. Div. 1962). There the accident occurred July 31, 1957; plaintiffs' proofs purported to establish a mailing of the notice August 20, 1957; but when, on inquiry of plaintiffs' attorney March 24, 1958 as to why he had received no acknowledgment of the filing of the claim, a search of the records of the Board was made, *249 it indicated no notice was ever received there. The court dealt with the contention of the claimants that they were entitled to a presumption of receipt of the notice by the Board from evidence of its proper mailing. However, the court found the evidence of the fact of such mailing to lack probative force and therefore ruled against the plaintiffs. The strict holding of the case is thus compatible either with the legal hypothesis that mailing within the 90 days is adequate giving of notice (but not established to have been the fact) or that receipt of the notice by the Board within the 90 days is legally necessary (a fact not established by aid of the presumption of receipt of mail in ordinary course because the mailing itself was not satisfactorily proven). What the court would have decided had it been satisfied as a fact that the notice had been properly mailed within the period, as alleged, although in fact never received, is not indicated. The only clue afforded by the opinion is the court's distinguishment of Delaware Twp. v. Neeld, 52 N.J. Super. 63 (App. Div. 1958), on the ground that there the statute dealt with complaints "made within" a certain number of days, implying a legislative intention to require a filing of the complaint. From this it may be inferred that the Szczesny court was not persuaded that the giving of notice required by the present statute necessarily called for its receipt by the Board.
Authorities involving statutes expressly referring to notice or service of notice by mail are of course not conclusive on the issue before us. See Apex Roofing Supply Co. v. H.W. Elliot Co., 52 N.J. Super. 522 (Cty. D. Ct. 1958); Borgia v. Board of Review, 21 N.J. Super. 462 (App. Div. 1952); R.S. 7:2-105. The facts before us do not present, and we do not here decide, the question whether receipt of the notice by the Board at some time must at all events be established by the claimant in order for him to be deemed to have performed the statutory condition precedent. Here the notice was concededly received by the Board, and at a time sufficient to enable it to give due protection to the *250 Fund. The State's interests in respect of the Fund were not prejudiced. See Giacobbe v. Gassert, supra (29 N.J., at p. 426). The question for our determination is simply whether the claimant has, on her part, timely complied with the legislative intent, as articulated by the language, and illuminated by the objects and purposes, of the act, that she give notice of the claim to the Board within 90 days after the accident, when she mailed such notice to the Board on the 90th day after the accident and it was in fact received.
We have been instructed by the Supreme Court, in the context of interpretation of the notice provision of the act, that "the act is to be liberally construed to advance the remedy, due regard being had for the protection of the fund and the realization of the essential legislative design; * * *." Giacobbe v. Gassert, supra (29 N.J., at p. 425). Common experience teaches that it is to be expected, absent other directions in the act, that the statutory notice is far more likely to be mailed to the Board than delivered personally or by special messenger engaged by or on behalf of the claimant. There is only one State office of the Board, and claimants or their attorneys reside or practice in all parts of the State. To hold that a mailed notice must be received by the Board within the 90-day period, although actually mailed within that period, would place the mailing claimant in peril of loss of his rights were the postal transit to be delayed for an unusual period, as sometimes happens, notably prior to the Christmas holidays. To respond that the claimant can minimize this risk by mailing well in advance of the deadline is, in effect, to substantially reduce the 90-day period allowed by the statute, and to still leave some risk to the mailing claimant since there is no absolute assurance that delay in the mails might not in some instances last even for a protracted period.
Weighing the possible disadvantages to the Board ensuing from a rule that the date of mailing, rather than of receipt, determines the timeliness of the notice, as against the potential *251 harm to mailing claimants of the contrary rule, we conclude that the balance of policy considerations favors acceptance of the rule that the date of mailing controls. We should assume that the Legislature so intends, having in mind the broadly remedial purposes of the act. Cf. Russo v. Forrest, 52 N.J. Super. 233, 241 (App. Div. 1958), analogizing the purposes of the notice requirement with the more leniently construed proof-of-loss provisions of insurance policies rather than their notice-of-loss stipulations.
We conclude notice of the claim was here timely given.
Judgment reversed; no costs.