155 N.J. Super. 103 (1978)
382 A.2d 405
FRANCES GRUBB AND EUGENE L. GRUBB, PLAINTIFFS-APPELLANTS,
v.
J.C. PENNEY CO., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1977.
Decided January 4, 1978.
*104 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Dan Brecher argued the cause for appellants.
Mr. Jared D. Honigfeld argued the cause for the respondent.
PER CURIAM.
Plaintiffs appeal from a summary judgment dismissing their personal injury action for failure of its institution within the two-year period of the statute of limitations. N.J.S.A. 2A:14-2.
Plaintiff Frances Grubb allegedly sustained injury on November 5, 1974, when she struck her head on a bicycle rack protruding into an aisle of a department store owned by defendant. The ensuing settlement negotiations failed and this complaint, captioned in the Superior Court, Law Division, Middlesex County, was filed. The question before us is whether, under the undisputed facts, the filing was timely. The problem arises because the original complaint was not *105 mailed to the Clerk of Superior Court in Trenton. Rather, as a result of the mistake of plaintiff's attorney, it was, under cover of letter dated November 1, 1976, sent for filing together with two additional copies and a filing and service fee to the "Clerk, Superior Court of New Jersey, Middlesex County, Superior Court, New Brunswick, New Jersey." The complaint accordingly arrived in the office of the Middlesex County Clerk where it was stamped "Received" on November 4, 1976,[1] the day before the running of the statute of limitations. It was not, however, until some two weeks thereafter that the original complaint reached the Superior Court Clerk's office in Trenton.
We disagree with the trial judge's conclusion that the November 4, 1976 filing was ineffective for limitations purposes. N.J.S.A. 2A:14-2 requires a personal injury action to be "commenced" within two years after its accrual. R. 4:2-2 provides that "A civil action is commenced by filing a complaint with the court." R. 1:5-6(b) defines a filing with the court as a filing of the original papers with the clerk of the court and further authorizes a judge of the court or a member of his staff to accept papers for filing. Clearly, in the ordinary course the complaint should have been sent for filing to the Clerk of the Superior Court in Trenton. Since the end of the limitations period was so near at hand the more prudent course would have been a filing directly with a judge of the Superior Court or hand delivery to the Clerk's office in Trenton. See Leake v. Bullock, 104 N.J. Super. 309, 313 (1969). But the fact nevertheless remains that despite plaintiffs' imprudence and mistake, the complaint was in the hands of the County Clerk of the county in which venue was laid before the statute of limitations had run. R. 1:34-2 expressly constitutes the clerk of the County Court, who by *106 virtue of N.J.S.A. 2A:3-2, is the County Clerk, as the "deputy clerk of the Superior Court with respect to Superior Court matters pending in his county."[2] Following the command of R. 1:1-2 that rules of court be construed so as to secure substantial justice, we are satisfied that the deputy clerk status of the Middlesex County Clerk resulted, in these circumstances, in an adequate filing pursuant to R. 4:2-2. This is not a situation such as that which occurred in Leake v. Bullock, supra, where the complaint was mailed to the clerk before the statute of limitations had run but did not arrive there until after it had run. Here, the complaint was actually within the court system before the cut-off date.
We do not intend to suggest that we in any way approve of careless failure to comply strictly with the rules of practice. We should not have to remind attorneys that they are expected to know where and how to file their papers and that they have an absolute obligation to make certain that their employees are also possessed of this elementary information. Nevertheless, there is no indication of any resultant prejudice to defendant if this action is permitted to survive, and we are reluctant to deny potential litigants of their rights of action except in clear and irremediable situations. The minimal substantial compliance here with the prescribed procedures for commencing an action constrains us to reverse.
Reversed and remanded.
NOTES
[1] For reasons not explained to us the "Received" stamp was affixed by the Middlesex County Sheriff's office. Defendant does not, however, argue that this stamping contradicts actual receipt by the County Clerk.
[2] R. 1:34-2 implements N.J.S.A. 40:38-7, which requires County Clerks to perform such duties for the Superior Court as prescribed by rules for the administration of the courts.