204 N.J. Super. 632 (1985)
499 A.2d 1038
ETHEL WAITE AND KENNETH WAITE, PLAINTIFFS-APPELLANTS,
v.
JOHN DOE (A FICTITIOUS NAME) AN EMPLOYEE OF THE POLICE DEPARTMENT OF THE CITY OF PATERSON, J. HOFFMAN (ON INFORMATION AND BELIEF) AN EMPLOYEE OF THE POLICE DEPARTMENT OF THE CITY OF PATERSON, THE POLICE DEPARTMENT OF THE CITY OF PATERSON, AND THE CITY OF PATERSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1985.
Decided October 28, 1985.
Before PRESSLER, DREIER and GRUCCIO, JJ.
*633 Louis G. Hakim argued the cause for appellants (Kenneth R. Secor, attorney; Louis G. Hakim, of counsel and on the brief).
Kenneth F. Mullaney, Jr. argued the cause for respondents (Dwyer, Connell & Lisbona, attorneys; Albert C. Lisbona, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
The narrow issue raised by this appeal is whether a complaint is entitled to be deemed filed for purposes of the statute of limitations if it is presumptively received by the Office of the Clerk of the Superior Court prior to the running of the statute but is apparently lost after its arrival and before its docketing. In the circumstances of this case, we answer that question affirmatively.
The facts are simple and largely undisputed. On January 4, 1982 plaintiff Ethel Waite was injured in a collision between her automobile and a Paterson police car. On May 24, 1982 an order was entered by the Law Division pursuant to N.J.S.A. 59:8-9 granting her leave to file a late notice of claim upon the City of Paterson and its police department. The notice was served about a week thereafter. For reasons which do not appear in the record, the complaint, in which plaintiff's husband joined to assert a per quod claim, was not prepared for filing until December 1983. According to the affidavit of Mary Banasiak, plaintiffs' attorney's secretary, on December 20, 1983, she mailed the complaint to the Clerk of the Superior Court by certified mail. Annexed to her affidavit is the post-office certificate of mailing, bearing the stamped date of December 20, 1983, indicating the attorney's return address, showing the correct address of the Superior Court Clerk, and including the notation "Waite v. City of Paterson." As of that date, 15 days remained prior to the running of the two-year statute of *634 limitations prescribed both by N.J.S.A. 2A:14-2 and N.J.S.A. 59:8-9.
On January 18, 1984 Banasiak, while preparing the summonses, first realized that she did not have the customary docket card from the Clerk's Office which, in effect, acknowledges the filing of the complaint and advises of the assigned docket number. She therefore called the Clerk's Office to ascertain the docket number, was told that the computer was "down" and was asked to call the following day. Her telephone inquiry the next day resulted in the advice that there was no record of the filing of the complaint. Her subsequent request to the post office for a trace of the mailing resulted, insofar as the record shows, in no further information. It does, however, appear that the mailing was not returned to the sender and never did show up in the Clerk's Office.
Plaintiff's attorney responded to this problem by simultaneously pursuing two separate avenues of recourse. On January 26, 1984 he filed an ex parte motion, returnable February 10, seeking leave to file the original complaint nunc pro tunc as of December 20, 1983. He also on that date mailed to the Clerk an amended complaint, reiterating the allegations of the original complaint, together with the required $75 filing fee. The irrelevant response he received from the Clerk's Office was a form letter, returning the filing fee with the typed-in explanation that "No fees charged for issuing 1st Writ of Execution." He did not fare much better with his nunc pro tunc motion which was denied on the return date "without prejudice." The complaint was, however, accepted for filing on that date by the motion judge. In any event, defendants were served with process in March 1984 and ultimately filed and served their answer, raising, among other affirmative defenses, the bar of the statute of limitations. In August 1984 they moved for summary judgment dismissing the complaint on that ground, and that application was granted in October 1984. Plaintiffs appeal both from that order and from the denial of their motion for reconsideration thereof.
*635 At the outset, it is important to note that defendants do not undertake to dispute the assertions of Banasiak's affidavit. As we understand their position, they accept those assertions as true for the purposes of the limitations issue and argue simply that the reason for the apparent non-filing of the complaint prior to the running of the statute is irrelevant. The trial judge also did not doubt the veracity of Banasiak's statement but agreed with defendants that proper application of the statute of limitations was not thereby affected. For these reasons and in view of the documentary support of the certified mail receipt, we also accept Banasiak's statement as true and accurate. We disagree, however, with the trial court's opinion of irrelevance to the limitations issue.
N.J.S.A. 2A:14-2 requires a personal injury action to be "commenced" within two years after its accrual. An action is commenced by the filing of a complaint. R. 4:2-2. N.J.S.A. 59:8-9 prohibits the "filing" of a tort claim action later than two years from the date of its accrual. The sole question before us then is whether, under all the circumstances here, this complaint was "filed" on or before January 4, 1984.
The rules of court define "filing" circuitously. R. 1:5-6(b) specifies the place at which and the official with whom filing is to be accomplished. R. 1:5-6(c) requires the clerk to "file all papers presented to him for filing" unless unaccompanied by the filing fee. These provisions imply that filing consists of two actions: first, the presentation of the document to the clerk and, second, the clerk's appropriate disposition of it. Despite, however, the implication that a completed filing requires the proper disposition by the clerk as well as the presentation by the filer, our courts have consistently recognized that where the paper is timely presented by the filer, its filing cannot be defeated by any subsequent act of inadvertence, neglect or impropriety by the clerk. This proposition was enunciated over 50 years ago by Chancellor Walker in Mahnken v. Meltz, 97 N.J.L. 159, 161-162 (E. & A. 1921). The Chancellor had this instructive comment to make:

*636 Originally "filing" consisted of putting writs and other exhibits in courts and offices upon a string or wire for safekeeping and ready reference. In modern usage it consists in placing in the custody of the proper official the paper to be filed, and while his duty undoubtedly requires his making a proper endorsement upon the paper so deposited, it is undoubtedly filed in theory and contemplation of law, when lodged with the proper officer. See 1 Bouv.L.Dic. (Rawle's rev.) 782. Of course, the clerk's failure to endorse a minute of the filing upon the paper lodged with him cannot operate to destroy the rights of the party so lodging it for filing. Any such doctrine would be intolerable.
And in construing R. 3:5-6, the predecessor of R.R. 4:5-6(a) which was the source of R. 1:5-6(b), the Supreme Court, relying on Mahnken v. Meltz, held that
In contemplation of law, a paper or pleading is considered as filed when delivered to the proper custodian and received by him to be kept on file. The endorsement of the clerk does not, according to the greater weight of authority, constitute a part of the filing but is merely evidence of that fact.
[Poetz v. Mix, 7 N.J. 436, 442 (1951)]
See also In re Norrell, 139 N.J. Eq. 550, 554 (E. & A. 1947); Grubb v. J.C. Penney Co., Inc., 155 N.J. Super. 103, 105 (App. Div. 1978). And cf. Travelers Insurance Co. v. Gardner, 129 N.J.L. 159, 161 (E. & A. 1942); Mikulicka v. Baer, 184 N.J. Super. 457, 461-462 (Ch.Div. 1982). We are therefore satisfied that if the complaint here had reached the Clerk's Office prior to the expiration of the statute of limitations, it would have to be deemed to have been timely filed.
While there is no direct proof of what happened to the original complaint after its mailing in the Clifton post office, we are persuaded that plaintiffs are entitled to the benefit of the presumption of its due arrival at the Clerk's Office. It is well settled that proof of the correct addressing and due posting of a letter raises the presumption that it was received by the addressee. See, e.g., New York Central R.R. Co. v. Petrozzo, 92 N.J.L. 425, 427 (E. & A. 1918); Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc., 93 N.J. Super. 14, 20 (App.Div. 1966); Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App.Div. 1962); Laurino Co., Inc. v. Daly Building Corp., 21 N.J. Super. 556, 563-564 (App.Div. 1952), certif. den. 11 N.J. 328 (1953). See also Matter of Callahan Motors, Inc., 538 F.2d 76, 79 (3rd Cir.1976), cert. den. 429 U.S. 987, 97 S.Ct. 507, 50 L.Ed.2d 598 (1976). We *637 are also satisfied that the presumption implies receipt of an intrastate mailing within 15 days after its posting. There is no fact or circumstance here rebutting the presumption or its corollary. We do not regard the absence of proof of recording as a rebutting fact or circumstance. As we have already noted, there is a difference between recording and receipt. Proof that there was no recording does not by itself constitute proof, sufficient to overcome the presumption, that there was also no receipt.
We are further persuaded, considering the chronology here, that plaintiffs were entitled to rely on the presumption that the timely posting of the complaint resulted in its timely receipt by the Clerk's Office. It was represented to us by both attorneys, and we therefore accept as a fact, that the Clerk's acknowledgement of filing typically is not received by the filing attorney's office until between a week to ten days after the date of mailing. Since the mailing here was made just at the start of a holiday period, an even longer lapse of time was reasonably anticipatable. Thus, the failure of plaintiff's attorney to have received the Clerk's acknowledgement by January 4, 1984 need not necessarily have alerted him that his December 20, 1983 mailing had gone astray. Under these circumstances, we cannot fault the conduct of plaintiff's attorney. We certainly could not, under these circumstances, penalize plaintiffs by the loss of their cause of action.
Defendants rely on Leake v. Bullock, 104 N.J. Super. 309 (App.Div. 1969) (per curiam), in which we applied the statute of limitations in bar of the prosecution of a complaint mailed to the Clerk's Office on the afternoon of the third day preceding the running of the statute and received by the Clerk's Office one day thereafter. In our view, Leake is inapposite. We were dealing there with a time period sufficiently brief in terms of mailing to require extra caution on the attorney's part. The fact, moreover, of the actual arrival of the complaint in the Clerk's Office after the running of the statute of limitations rebutted the presumption of timely arrival. Plaintiffs here, *638 however, had a reasonable margin of safety when they mailed the complaint, and their reliance on the presumption of timely receipt was reasonable as of the date the statute ran. We adhere to our reasoning in Leake. This, however, is a different case.
There are, moreover, important policy reasons here for according plaintiffs the benefit of the presumption. The general reliability of the United States mail service is well established. We are of the view that a litigant who mails a paper to the Clerk's Office is entitled to rely on its delivery to the addressee within a reasonable length of time which, whatever the parameters of reasonable may be, certainly encompasses 15 days. We are, moreover, satisfied that if we were to deprive attorneys of the security of such reliance, we would encourage them, unreasonably long before the statute of limitations has run, to personally deliver the complaint to a trial judge for filing or to personally deliver the complaint to the Clerk's Office in Trenton or to telephone the Clerk's Office to ascertain its arrival. Premature encouragement of such methods of recourse would simply create unnecessary burdens and harassment for the Clerk's Office, the bar and the bench.
The events which occurred here in respect of the original mailing were untoward and extraordinary. Plaintiffs' attorney, with reasonable expedition, discovered the problem and responded to it promptly and sensibly. We are therefore of the view that his original motion for a nunc pro tunc endorsement on the complaint of a timely filing date should have been granted. See Mahonchak v. Mahonchak, 189 N.J. Super. 253 (App.Div. 1983) (per curiam). This is particularly so in view of the evident absence of any resulting prejudice to defendants, who knew of the pendency of the claim against them by reason of the tort claim notice which had been served upon them. That being so, the statute of limitations defense should not have succeeded on defendants' summary judgement motion.
Reversed and remanded for further proceedings.