THOMAS M. DEROSA, PLAINTIFF, v. JOHN J. DONOHUE AND CITY OF ASBURY PARK, DEFENDANTS.

Superior Court of New Jersey
Law Division Monmouth County

Decided April 8, 1986.

*Kenneth M. Lipstein,* for plaintiff (*Shevick, Ravich, Koster, Tobin, Oleckna & Reitman,* attorneys).

*John Peter Duggan,* for defendants (*Wolff, Helies & Duggan,* attorneys.)

MILBERG, A.J.S.C.

This matter is presently before me on the motion of plaintiff to confirm an arbitration award pursuant to *R.* 4:21A–6(b)(3), and on the cross-motion by defendants to set aside the award and grant a trial *de novo,* pursuant to *R.* 4:21A–6(b)(1).

On January 24, 1986, this automobile negligence action was arbitrated in accordance with *N.J.S.A.* 39:6A–24 *et seq.* and *R.* 4:21A. The arbitrator rendered an award in favor of plaintiff in the sum of $15,000, exclusive of prejudgment interest.

The arbitration award was filed on January 24, 1986. *R.* 4:21A–6(b)(1) provides that a party desiring to reject the award must file a notice demanding a trial *de novo* with the civil case manager within 30 days after the filing of the award. Hence, the final day for filing such a notice in this case was February 24, 1986.

Counsel for defendants states in his affidavit that on February 18, 1986, his office mailed defendants' demand for a trial *de novo* to the civil case manager; a copy was sent to counsel for plaintiff on the same day. By letter dated February 28, 1986, the civil case manager informed counsel that the notice was received on February 26—"two (2) days late." Accordingly, defendants' demand for a trial *de novo* was denied.

On March 10, 1986, plaintiff filed a timely motion to confirm the arbitration award and to enter judgment thereon. *R.* 4:21A–6(b)(3). On March 13, 1986, defendants filed a cross-motion for an order setting aside the award and restoring the case to the trial list for a trial *de novo*. Oral argument was heard on March 27, 1986.

Defendants argue that the notice was mailed with ample time to spare—that they are the victims of an error by the postal service. Additionally, defendants urge that the date of mailing is dispositive, not the date the notice was received. *See R.* 1:5–4(b).

Plaintiff asserts that the 30–day limitation of *R.* 4:21A–6(b)(1) should not be relaxed or enlarged under these circumstances. He contends that defendants delayed until the final hour and that they should have taken steps to personally deliver the notice or to promptly inquire of the civil case manager as to its timely delivery. Having failed to do so, the risk of delay in the mail, plaintiff argues, was their own. *See Leake v. Bullock,* 104 *N.J.Super.* 309, 313 (App.Div.1969). Plaintiff also argues that *R.* 1:5–4(b) cannot avail the defendant because the issue here is not timely service but timely *filing.*

Plaintiff is accurate in his latter assertion. *R.* 4:21A–6(b)(1) is clear in its requirement that the notice of demand for a trial *de novo* be filed with the civil case manager within the prescribed time. "In contemplation of law, a paper or pleading is considered as filed when *delivered* to the proper custodian and *received* by him to be kept on file." *Poetz v. Mix,* 7 *N.J.* 436, 442 (1951); emphasis supplied. *R.* 1:5–4(b) provides only that, where service by ordinary mail is authorized, *service* shall be complete upon mailing. The rule does not speak to the filing of a paper; hence it is of no aid to defendants.

Nevertheless, I find that defendants' notice should be deemed filed *nunc pro tunc.*

Plaintiff places great reliance on *Leake v. Bullock,* 104 *N.J.Super.* 309 (App.Div.1969). In that case a complaint was mailed to the clerk's office on the afternoon of the third day preceding the running of the statute of limitations and was received by the clerk one day thereafter. The Appellate Division determined that, due to the short time remaining to file the complaint, plaintiff should have either filed it directly with a Superior Court judge in her area or personally delivered it to the clerk; however, since plaintiff chose to mail it to the clerk without prompt follow-up inquiry, under the circumstances "the risk of a delay in the mail [was] her own." *Id.* at 313. Accordingly, the judgment of the trial court dismissing the complaint as untimely was affirmed.

Unlike statutes of limitation, however, a court rule may be relaxed, *R.* 1:1–2; a time period prescribed by court rule for the doing of an act may be enlarged, *R.* 1:3–4. To be sure, in *Mazakas v. Wray,* 205 *N.J.Super.* 367 (App.Div.1985), the Appellate Division held that the 30–day limitation period in *R.* 4:21A–6(b)(1) may be enlarged in "extraordinary circumstances." *Id.* at 371. The court added:

> Generally, when asked after the passage of 30 days to bypass the binding effect of this statutory arbitration, the trial courts should be guided by the same principles as they would apply in passing upon a motion for relief from an order or a judgment under *R.* 4:50–1. [*Ibid.*]

I conceive the present situation as falling within the "catchall" category of *R.* 4:50–1(f). "[T]he very essence of (f) is its capacity for relief in exceptional circumstances. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice." *Court Invest. Co. v. Perillo,* 48 *N.J.* 334, 342 (1966).

The circumstances of this case are indeed exceptional or—to use the term employed in *Mazakas v. Wray, supra*—"extraordinary."

I am persuaded that counsel for defendants mailed the notice on February 18, 1986. Plaintiff does not appear to contest the point. Defense counsel's offices are in Red Bank; the office of the civil case manager is at the courthouse in Freehold—a distance of approximately 15 miles. It should not have taken more than two or three days for the notice to reach its destination.

In *Waite v. Doe,* 204 *N.J.Super.* 632 (App.Div.1985), a complaint was mailed to the clerk's office 15 days before the statute of limitations was due to run. The complaint was never received by the clerk and, by the time inquiry was made, the statute had run. Subsequently, the trial court granted defendants' motion to dismiss on that ground. The Appellate Division reversed, concluding that the presumption of receipt by the addressee raised by proof of proper mailing implied receipt of the intrastate mailing within 15 days after its posting. *Id.* at 636–637. Terming the events under review "untoward and extraordinary," *id.* at 638, the Appellate Division recognized the consequences of a contrary ruling:

> The general reliability of the United States mail service is well established. We are of the view that a litigant who mails a paper to the Clerk's Office is entitled to rely on its delivery to the addressee within a reasonable length of time which, whatever the parameters of reasonable may be, certainly encompasses 15 days. We are, moreover, satisfied that if we were to deprive attorneys of the security of such reliance, we would encourage them, unreasonably long before the statute of limitations has run, to personally deliver the complaint to a trial judge for filing or to personally deliver the complaint to the Clerk's Office in Trenton or to telephone the Clerk's Office to ascertain its

arrival. Premature encouragement of such methods of recourse would simply create unnecessary burdens and harassment for the Clerk's Office, the bar and the bench. [*Ibid.*]

While I acknowledge that the circumstances under consideration in *Waite v. Doe, supra,* are more exceptional than those present in this case, the policy reasons voiced by the Appellate Division have relevance nonetheless.

I conclude that defendants had the right to rely on the delivery of the notice to the civil case manager within six days of its posting. The failure of the notice to reach its destination until eight days after its mailing was "extraordinary," *Mazakas v. Wray, supra,* 205 *N.J.Super.* at 371.

I do not mean to imply that any time a notice of demand for a trial *de novo* is placed in the ordinary mail a few days before the deadline its late arrival will be excused. My ruling turns on the particular circumstances of this case—a case in which a mailed notice took eight days to travel a distance of only 15 miles.

Defendants' notice of demand for a trial *de novo* shall be deemed filed *nunc pro tunc.* Plaintiff's motion to confirm the arbitration award is denied.