**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3360-17T2

FORECLOSED ASSETS SALES
AND TRANSFER PARTNERSHIP,

     Plaintiff-Appellant,

v.

RICHARD M. STRAUSS,

     Defendant-Respondent,

and

ANNE ERLICHMAN, and OCEAN
FRONT CONDOMINIUM
ASSOCIATION,

     Defendants.

_____

Submitted February 5, 2019 – Decided March 8, 2019

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0373-17.

Powers Kirn, LLC, attorneys for appellant (Jeanette J. O'Donnell, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff Foreclosed Assets Sales & Transfer Partnership appeals from a Law Division order denying its motion for summary judgment in this deficiency action following the mortgage foreclosure of defendant Richard M. Strauss' condominium located in Brigantine.[1]  We affirm.

I.

This appeal arises from the following facts derived from evidence the parties submitted in support of, and in opposition to, summary judgment, viewed in a light most favorable to defendant, the non-moving party.  Polzo v. Cty. of Essex, 209 N.J. 51, 56-57 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).  Defendant executed a note for $125,000 to Sun National Bank that was recorded in the Atlantic County Clerk's office.  Plaintiff is the assignee of Sun National Bank by virtue of an assignment recorded on March 19, 2015.  A final judgment was entered in the Office of Foreclosure on June 25, 2016, in the amount of $133,123.43.  At the sheriff's sale on November 17, 2016, the property was sold back to plaintiff for $1000.  As of the date of the sheriff's sale, defendant owed $134,305.13 as a result of the judgment plus

---

[1]  An order was entered suppressing an appellate brief from defendant.

post-judgment interest.  The sheriff's deed was recorded on December 21, 2016, and a deed from Apex Bank to plaintiff was recorded on February 21, 2017.

On February 8, 2017, plaintiff sent via regular mail a Notice of Proposed Deficiency Action (Notice) and a check for filing fees to the Atlantic County Clerk's office in accordance with N.J.S.A. 2A:50-6.  The statute provides:

> No judgment shall be entered by confession on any bond or note where a mortgage on real estate has been or may be given for the same debt or in any action on the bond or note, unless, prior to the entry of the judgment, if by confession, or prior to the commencement of the action, if the proceeding be by action, there shall be filed in the office of the clerk or register of deeds and mortgages as the case may be, of the county, in which the real estate described in the mortgage is situate a written notice of the proposed judgment or action, setting forth the court in which it is proposed to enter the judgment or begin the action, the names of the parties to the bond or note and to the judgment or action, the book and page of the record of the mortgage, together with a description of the real estate described therein.

The three-month statute of limitations for instituting a deficiency action, N.J.S.A. 2A:50-2, compelled plaintiff to file its complaint seeking a deficiency judgment by February 17, 2017, which occurred prior to the Notice being filed. N.J.S.A. 2A:50-2 provides in pertinent part:

> Except as otherwise provided, all proceedings to collect any debt secured by a mortgage on real property shall be as follows:

First, a foreclosure of the mortgage; and

Second, an action on the bond or note for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs.

The action for any deficiency shall be commenced within 3 months from the date of the sale, or, if confirmation is or was required, from the date of the confirmation of the sale of the mortgaged premises. In such action judgment shall be rendered and execution issued only for the balance due on the debt and interest and costs of the action.

[(Emphasis added).]

A deficiency judgment of $44,305.13 was sought by plaintiff, after deducting a fair market credit of $90,000 against the $134,305.13 amount due. Defendant filed an answer on April 11, 2017 to the deficiency action. The Notice was recorded five days after the complaint was filed. Confirmation of the recorded Notice was sent to defendant on March 1, 2017.

Plaintiff moved for summary judgment. Defendant opposed the motion, contending that plaintiff failed to comply with the three-month statute of limitations deadline, N.J.S.A. 2A:50-2, and because he was not provided with fair market value for his property. During oral argument, the motion judge sua sponte raised the issue that plaintiff failed to comply with N.J.S.A. 2A:50-6 by filing its deficiency complaint before the Notice was filed, and therefore, it

4

lacked standing. The Notice was mailed via regular mail two weeks before the deficiency complaint was filed but, due to a backlog in the clerk's office, it was not processed within the ninety-day timeframe. Plaintiff argued that the Notice "should have been received" by the clerk's office on February 9, 2017, more than a week before the deficiency complaint was filed on February 17, 2017. In her oral decision, the judge found the Notice is "clearly a statutory requirement," that "doesn't have to be <u>sent</u> to the county clerk, it has to be <u>filed</u> with the county clerk prior to commencement of the action." (Emphasis added). We agree.

## II.

At argument on the motion, plaintiff claimed that the Notice was filed within three months and is not required to be filed within ninety days of the sheriff's sale as asserted by defendant. N.J.S.A. 2A:50-2. Because the Notice was sent to defendant within the statutory time period, plaintiff further contends that there was substantial compliance, entitling it to a deficiency judgment because the foreclosure action was completed. Further, plaintiff argues that delays in recording the Notice by the County are beyond its control, and it should not be penalized for the backlog in the clerk's office. There was no prejudice to a potential third-party purchaser here, and plaintiff argued that title was already vested in its name at the time.

As of December 2017, defendant no longer had a right of redemption, N.J.S.A. 2A:50-5, therefore plaintiff argues that the sequence of events here was simply form over substance. In defense, defendant argued that plaintiff could have filed the Notice electronically or hand-delivered it to the clerk's office and had the Notice timely stamped "received" and recorded it in due course. This is not an uncommon occurrence, and defendant claimed the statute is intended to protect residential homeowners, and should be strictly construed. We agree.

In her ruling, the judge found that the Notice was clearly "recorded on February 22nd at 9:17 a.m." and it "wasn't filed prior to the commencement of the action because it wasn't stamped filed until the 22nd," which was five days after the complaint was filed. In denying the motion, the judge also found:

> You have a residential homeowner that basically has had his credit . . . destroyed, and he walks away from a condominium and now he's going to be told you owe us another $30,000, and I believe that the statute is to protect the consumer and it wasn't filed in time. So for those reasons I'm going to deny the motion for summary judgment.[2]

The judge also cancelled the trial date.

### III.

---

[2] At the time of argument, the judge was dismayed to learn that plaintiff recently sold the Brigantine condominium for $100,000 and that defendant's counsel was not advised of this beforehand.

A-3360-17T2

Plaintiff attempts to avert the consequences of its failed effort to timely record the Notice by relying upon the doctrine of substantial compliance. Relying upon an affidavit of merit decision, Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144, 151 (2003), plaintiff argues that the substantial compliance doctrine requires the moving party to show: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of [plaintiff's] claim; and (5) a reasonable explanation why there was not strict compliance with the statute." See Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 347-48 (2001) (finding substantial compliance where plaintiff did not file an affidavit within statutory timeframe, but plaintiff's counsel, before initiating suit, provided defendants' insurance carriers with two detailed expert reports that established legitimacy of complaint and served as a basis for settlement discussions). We are not persuaded by plaintiff's argument or reliance upon Ferreira as there is no similarity to this case.

Plaintiff does not present any basis as to why the Notice could not have been mailed earlier or why it could not be hand-delivered and stamped "received" by the clerk's office prior to filing the deficiency complaint. Defendant was unaware of the pending deficiency complaint – and he was also

unaware that plaintiff sold the condominium. An action on a note for deficiency under N.J.S.A. 2A:50-2 must be strictly construed since the statute is in derogation of common law. See, e.g., Hirsch v. Tushill, Ltd., 110 N.J. 644, 647 (1988). The doctrine of substantial compliance, equitable in nature, cannot be invoked to circumvent the mandate of the statute. Plaintiff failed to file its action to obtain a deficiency judgment within three months after the date of the sheriff's sale and, therefore, its complaint was properly dismissed summarily. See N.J.S.A. 2A:50-2.

We have previously warned about the perils of mailing a document whose filing is required by a specified time. In Leake v. Bullock, 104 N.J. Super. 309, 313 (App. Div. 1969), we affirmed the dismissal of a complaint filed after the statute of limitations had expired. We noted that plaintiff had waited "until four days before the expiration of the two-year limitation period before attempting to file her complaint." We then said "[d]ue diligence would have required her either to have filed it directly with a [s]uperior [c]ourt judge . . . or to have had it personally delivered to the clerk for filing . . . . Under these circumstances, the risk of delay in the mail is her own." Ibid. The same rationale applies here and we see no reason to invoke the equitable remedy of substantial compliance.

For these reasons, the trial judge did not err in denying summary judgment and cancelling the trial date. The remaining arguments raised by plaintiff are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3360-17T2