| CHANTEL EDWARDS | * | NO. 2023-CA-0646 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| U.S. PROPERTY AND | * | |
| CASUALTY, AIRBNB, | | FOURTH CIRCUIT |
| CRAWFORD AND COMPANY | * | |
| CHATEAU MANAGEMENT | | STATE OF LOUISIANA |
| LLC. | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-08264, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

Joslyn Renee Alex
ALEX & ASSOCIATES
227 Rees Street
Breaux Bridge, LA 70517

     COUNSEL FOR PLAINTIFF/APPELLANT

Timothy William Hassinger
Patrick J. Schepens
Kevin N. Amezquita
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
#3 Sanctuary Boulevard, 3rd Floor
Mandeville, LA 70471

Rebecca Sha
Allen C. Miller, Sr.
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130—6534

     COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED**
**March 12, 2024**

This is a tort suit arising out of a slip-and-fall accident at a short-term rental property (the "Property") booked through Airbnb. Plaintiff—Chantel Edwards ("Ms. Edwards")—brought this suit against the following four defendants:

(i)     Chateau Management LLC ("Chateau")—The Property's owner;

(ii)    U.S. Property and Casualty—The Property's insurer;

(iii)   Airbnb, Inc. ("Airbnb")—The Property's booking agent; and

(iv)    Crawford & Company—Airbnb's claim manager.

From the trial court's December 9, 2022 judgment sustaining Defendants' peremptory exception of prescription and dismissing with prejudice Ms. Edwards' suit, [1] Ms. Edwards appeals. For the following reasons, we affirm.

*Factual and Procedural Background*

In her damages petition, Ms. Edwards alleged that she suffered personal injuries as a result of a slip-and-fall accident that occurred on July 4, 2019. On that day, she was vacationing with her family in New Orleans, Louisiana; they were

---

[1] The peremptory exception of prescription was filed by only three of the four defendants; Airbnb did not file a prescription exception. But, all the defendants were dismissed with prejudice. For ease of discussion, we refer collectively to the three defendants who filed the prescription exception—Chateau, U.S. Property and Casualty, and Crawford & Company—as "Defendants."

staying at the Property. Ms. Edwards alleges that she was walking down a flight of stairs on the Property when the railing came off the wall, causing her to fall and sustain injuries.

Ms. Edwards' attorney drafted a damages petition on her behalf; her attorney, however, captioned the damages petition incorrectly as "24th Judicial District Court," which is in Jefferson Parish. Ms. Edwards' attorney then sent the damages petition by United States mail—certified, return receipt requested—to the Civil District Court for the Parish of Orleans ("CDC"). In the cover letter dated June 5, 2020, Ms. Edwards' attorney referenced the filing of the damages petition and an enclosed check of $505.00 to cover the filing costs (the "June 5th Cover Letter"). Although the CDC's Clerk of Court (the "Clerk") received the certified mail return receipt card on June 11, 2020, the Clerk only stamped the June 5th Cover Letter. The damages petition was neither stamped nor filed.

On July 31, 2020, Ms. Edwards' attorney mailed a letter to the Clerk requesting an update on Ms. Edwards' damages suit; the letter stated as follows: "[p]lease provide me an update on the status to the suit filed in your jurisdiction. I have not received notice of a return or a copy of the suit filed in this case." On September 2, 2020, the Clerk sent a response letter advising that the damages petition had the incorrect caption; the Clerks' letter stated as follows:

Re:   Petition for Damages/**Wrong Court**

This office is in receipt of the Petition for Damages regarding the above-captioned matter. However, the Court caption case reads Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana. Therefore, we are returning your documents.

On September 28, 2020, Ms. Edwards' attorney refiled the petition captioned "24th Judicial District Court, Parish of Orleans" and filed a First

2

Amended Petition for Damages to correct the error in the caption. The First

Amended Petition was the first pleading filed in this case; it had the proper court in

the caption—Civil District Court, Parish of Orleans—and contained the following

explanation regarding the filing of the original petition:

> Mover CHANTEL EDWARDS filed her original petition for damages on June 11, 2020 with the caption 24th Judicial District Court, Parish of Orleans at 421 Loyola Avenue, New Orleans Louisiana. On July 31, 2020 a letter was sent to the clerk inquiring on the status of the damages suit. On September 2, 2020 a letter was drafted by the clerk and mailed to Plaintiff, this letter was received on September 25, 2020 addressed to the Plaintiff stating the caption needed to be corrected. Exhibit (A)

> After contacting the Civil District Court of Orleans and speaking to Thomas Gives, Deputy Clerk, it was determined the Petition was filed in the correct courthouse within the parish of Orleans (exhibit B), the numerical caption was incorrect and needed to be amended to reflect Civil District Court.

> Mover amends the caption to remove the numerical number 24 to read Civil District Court.[2]

> In response, Defendants filed the following exceptions:

- Peremptory exception of prescription filed by Defendants—U.S. Property and Casualty, Crawford & Company, and Chateau;

- Dilatory Exception of Insufficiency of Service of Process filed by Chateau; and

- Dilatory Exception of Prematurity and Alternative Motion to Compel Arbitration and Stay Litigation filed by Airbnb.

> Following an evidentiary hearing,[3] the trial court sustained the exceptions of

prescription and insufficiency of service of process, dismissed Ms. Edwards' suit

---

[2] A discrepancy exists between the damages petition described in the Clerk's September 2, 2020 letter and the original petition Ms. Edwards' attorney contends she attempted to file on June 11, 2020. The Clerk's letter states the damages petition was captioned "24th Judicial District Court, Parish of Jefferson"; whereas, the original damages petition that Ms. Edwards claims that she attempted to file, which she refiled on September 28, 2020, was captioned "24th Judicial District Court, Parish of Orleans."

[3] At the hearing, counsel for the parties offered, filed, and introduced the documents attached to their respective pleadings—exceptions and responses (mislabeled as answers)—into evidence.

against all the defendants with prejudice, and declared Airbnb's alternative motion to compel arbitration and stay litigation moot. This appeal followed.

## DISCUSSION

Although Ms. Edwards asserts multiple assignments of error, the dispositive issue is whether the trial court erred in granting Defendants' prescription exceptions.[4]

*Standard of Review and Governing Prescription Principles*

Although prescription is a peremptory exception and generally presents a purely legal question, evidence may be introduced in the trial court to support or controvert a prescription exception. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800; *see* La. C.C.P. art. 931.[5] The standard of review depends on whether evidence is introduced. *Id*. 17-0413, pp. 7-8, 231 So.3d at 800. When no evidence is introduced, a de novo standard applies; when evidence is introduced, a manifest error standard applies. *Id.*, 17-0413, p. 8, 231 So.3d at 800. But, "[w]hen evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the

---

Although the trial court instructed the attorneys that they were required to pay the clerk to place the exhibits into evidence, only one of the attorneys did so—counsel for U.S. Property and Casualty and Crawford & Company. Ms. Edwards' attorney failed to do so. Nonetheless, the sole document on which Ms. Edwards relies—her attorney's cover letter that the Clerk stamped received on June 11, 2020—is included in the record. A copy of the cover letter was attached to the First Amended Petition, which is included in the exhibits filed into the record by counsel for U.S. Property and Casualty and Crawford & Company.

[4] Ms. Edwards' assignments of error incorrectly reference the trial court's grant of a summary judgment motion; the defendants filed only exceptions. Ms. Edwards' assignments of error also incorrectly reference the trial court's granting of Airbnb's motion to compel arbitration and stay litigation. The trial court, in its judgment, found that Airbnb's motion was moot.

[5] Louisiana Code of Civil Procedure Article 931 provides that "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

4

trial court's legal determination." *Id*.; *see also Stevenson v. Progressive Sec. Ins. Co.*, 19-00637, pp. 2-3 (La. 4/3/20), 341 So.3d 1202, 1204.

The party asserting the prescription exception—ordinarily the defendant—has the burden of proof; but, if the petition is prescribed on its face, the burden shifts to the plaintiff to establish that the suit has not prescribed. *Brown v. Heintz*, 17-0759, p. 5 (La. App. 4 Cir. 5/2/18), 317 So.3d 407, 411 (internal citations and quotations omitted). When the petition is prescribed on its face, the plaintiff has the burden of proving by a preponderance of the evidence that prescription was suspended, interrupted, or renounced. *Id*. One method of interrupting prescription is the filing of a damages action. *See* La. C.C. art. 3462.[6]

"[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Lima v. Schmidt*, 595 So.2d 624, 629 (La.1992) (citations omitted). The applicable prescriptive period is determined by the character of the action pled in the petition. *Starns v. Emmons*, 538 So.2d 275, 277 (La. 1989).

*Application of Prescription Principles*

The action pled in Ms. Edwards' petition is a delictual (tort) one. Tort actions are governed by La. C.C. art. 3492, which imposes a one-year prescriptive period; this period commences to run from the day injury or damage is sustained.[7]

---

[6] La. C.C. art. 3462 provides that "[p]rescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction and venue."

[7] La. C.C. art. 3492 provides as follows:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. . . .

5

Due to the COVID-pandemic special legislation, Ms. Edwards had until Monday, July 6, 2020, to file her petition for damages.[8] The record reflects that Ms. Edwards' damages petition—asserting injuries that allegedly occurred on July 4, 2019—was filed on September 28, 2020; her petition is prescribed on its face. Ms. Edwards thus has the burden of proof. Given evidence was introduced at the hearing on the exceptions, the narrow issue presented is whether the trial court manifestly erred in finding that Ms. Edwards failed to meet her burden of proof.

Ms. Edwards contends, as she did in the trial court, that prescription on her damages claim was interrupted by her timely—in June 2020—attempting to file by United States mail an incorrectly captioned petition and sending a check to cover the filing cost. The following principles govern the determination of whether prescription has been interrupted by timely filing a damages action:

- La. C.C.P. art. 421 provides that a plaintiff commences a civil action "by the filing of a pleading presenting the demand to a court of competent jurisdiction."

- La. C.C.P. art. 253(A) provides that "[a]ll pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such

_____

[8] Technically, prescription ended on Monday, July 6, 2020, for two reasons. First, the applicable prescriptive period was extended from July 4, 2020, to Monday, July 6, 2020, by the COVID-pandemic special legislation, La. R.S. 9:5829(A), which provides:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

The second reason prescription ended on Monday, July 6, 2020, is that both July 4 (Independence Day) and July 5, 2023 (a Sunday) were legal holidays, as defined by La. R.S. 1:55(A)(A). Prescription ended on the next non-legal holiday—Monday, July 6, 2020. *See* La. C.C. art. 3454 (providing that "[p]rescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday").

purpose. The clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law."

- "[A] party obliged to file a pleading within a time limitation must insure actual delivery, since it is the time when the clerk receives actual delivery of the pleading which determines whether that pleading has been timely filed." *Squatrito v. Barnett*, 338 So.2d 975, 977 (La. App. 4th Cir. 1976).

- A pleading or document filed by United States mail is not filed until actually received by the clerk of court; "[a]ctual delivery must be made to the Clerk of Court and no provision is made for deposit with the U.S. Post Office." *Pelt v. Guardsmark, Inc.*, 451 So.2d 621, 625 (La. App. 5th Cir. 1984).

- "Marking the document or pleading 'filed' and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading is the filing." *Lambert v. Kelley*, 270 So.2d 532, 535 (La.1972)(citing *State v. Brazzel*, 229 La. 1091, 1095, 87 So.2d 609, 610 (1956)).

- A plaintiff must prove by a preponderance of the evidence that the petition was deposited with the clerk of court. *Hayes v. Woodworth Trucking, Co.*, 353 So.2d 478, 479 (La. App. 3d Cir. 1977).

- "[T]he depositing of a suit with the clerk or one of his deputies is the actual filing of a suit . . . for if it were otherwise, the litigant could deposit a suit with the clerk of court and the clerk of court could defeat the right of said litigant by not docketing said suit and marking it 'filed' for several days after he had received same." *Cupples v. Walden*, 124 So.2d 613, 614 (La. App. 3d Cir. 1960).

The narrow issue presented here is whether Ms. Edwards presented sufficient evidence to meet her burden of proving by a preponderance of the evidence that her damages petition was delivered timely to the Clerk so as to interrupt prescription.[9] The sole evidence Ms. Edwards cites in support of her

---

[9] Theoretically, the concept of filing encompasses two separate actions: "first, the presentation of the document to the clerk and, second, the clerk's appropriate disposition of it." *Waite v. Doe*, 204 N.J.Super. 632, 635; 499 A.2d 1038, 1039-40 (App. Div.1985). Once the pleading is "timely presented by the filer, its filing cannot be defeated by any subsequent act of inadvertence, neglect or impropriety by the clerk." *Waite, supra.* It is the first action—the actual presentation to the clerk of court—that is the legally significant event for purposes of determining whether a petition was filed timely to interrupt prescription. See La. C.C.P. art. 253(A). Because we find Ms. Edwards' failure to establish the first action—the timely presentation of the damages petition to the Clerk, we find it unnecessary to address the arguments Ms. Edwards raises regarding the second action—the clerk's appropriate disposition of a wrongfully captioned damages petition.

7

argument that prescription was interrupted is the June 5th Cover Letter. Ms. Edwards contends that the Clerk violated La. C.C.P. art. 253 by sending back an unfiled, un-docketed damages petition.[10] She further contends that the Clerk's failure to stamp and docket the documents did not invalidate her timely filing of the petition.

Defendants counter that Ms. Edwards' argument is, in essence, an attempt to invoke the prisoner mailbox rule—a "jurisprudentially-crafted rule that deems a pro se inmate's pleading 'filed' when the inmate delivers it to the prison authorities for mailing." *Brown*, 17-0759, p. 1, n.2, 317 So.3d at 409. Defendants emphasize that the mailbox rule is inapposite and that a petition must actually be delivered to the clerk of court to be filed. Defendants emphasize that Ms. Edwards only references the June 5th Cover Letter and that there is no stamped copy of the original damages petition dated June 5, 2020, or any time before the prescriptive period of July 6, 2020.

As Defendants correctly contend, "[t]he 'mail box' rule does not exist in Louisiana unless provided for by statute, rule or regulation." *Hosp. Corp. of Am. v. Robinson*, 506 So.2d 938, 940 (La. App. 1st Cir. 1987) (citing *Lambert v. Kelley*, 270 So.2d 532, 534 (La.1972)). The governing statutory provision—La. C.C.P. art. 253—does not provide for a "mail box" rule. *Id.* Indeed, "Louisiana jurisprudence has steadfastly enforced the statutory requirement of actual delivery of the petition to the clerk of court for filing in order to commence a civil suit." *Brown,* 17-0759, p. 14, 317 So.3d 407, 417.

---

[10] Ms. Edwards also cites, without analysis, to La. R.S. 13:2485.12, entitled "Powers and duties of the clerk," and La. R.S. § 13:750, entitled "Liability of the Clerk of Court; Limitations".

Again, Ms. Edwards is required to prove, by a preponderance of the evidence, that the damages petition was actually delivered to the Clerk before prescription ran. *Hayes, supra*. Ms. Edwards' reliance on the June 5th Cover Letter, which the Clerk stamped, to meet her burden of proof is misplaced. A similar argument based on a cover letter was rejected in *Johnson v. Metoyer*, 14-611 (La. App. 3 Cir. 12/23/14) (*unpub.*), 2014 WL 7277137.

In the *Johnson* case, the same attorney ("Attorney") represented the driver ("Plaintiff-Johnson") and passenger ("Plaintiff-Simmons") of one of the vehicles involved in a two-vehicle collision. Both clients allegedly were injured in the collision. Within the one-year prescriptive period, Attorney drafted two petitions for damages that were identical except for the respective plaintiff's name. Attorney directed his secretary ("Secretary") to mail the documents to the Rapides Parish Clerk of Court ("Rapides' Clerk"). Secretary put all the documents in one envelope and mailed them to Rapides' Clerk. Also included in the envelope were in forma pauperis applications for each plaintiff. Rapides' Clerk received, stamped, and filed Plaintiff-Simmons' petition; Plaintiff-Johnson's petition was neither stamped nor filed.

After prescription ran, Attorney learned that Plaintiff-Johnson's petition had not been filed and refiled it. In response to the refiled petition, the defendants filed a prescription exception. At the evidentiary hearing on the exception, a trio of witnesses (Attorney, Secretary, and Rapides' Clerk) testified. Attorney testified that "a transmittal letter addressed to the Clerk of Court stated that two petitions were enclosed in the mailing" and that "[t]he letter further referred to two in forma pauperis applications." *Id.*, 14-611, p. 2. Secretary testified she believed that "both petitions were in the envelope because she 'had reference to them in [her] letter.'"

9

*Id.*, 14-611, p.3. Rapides' Clerk acknowledged that her office stamped Attorney's Cover Letter referencing the two petitions—one for Plaintiff-Simmons, the other for Plaintiff-Johnson ("Attorney's Cover Letter"). Based on the evidence presented, the trial court sustained the prescription exception.

On appeal, Plaintiff-Johnson contended that Attorney's Cover Letter referred to two petitions enclosed, that her damages petition was included in the same envelope as Plaintiff-Simmons' petition, and that her petition must have been received with Plaintiff-Simmons' petition. The appellate court rejected that argument. The appellate court observed that although the evidence established the possibility that Secretary mailed both petitions, that both petitions were received by the Rapides' Clerk, and that the Rapides Clerk's office misplaced it, the appellate court observed that it was at least as likely that Plaintiff-Johnson's petition was inadvertently omitted from the envelope in which Plaintiff-Simmons' petition was mailed. The appellate court, thus, found no manifest error in the trial court's decision sustaining the prescription exception.

This case is similar to the *Johnson* case. In both cases, the plaintiff whose petition was found to be prescribed relied upon her attorney's cover letter as evidence of timely filing. In both cases, the cover letter referenced the plaintiff's damages petition, and the clerk's office stamped the cover letter as timely received. But, in both cases, the damages petition was neither stamped nor filed. In *Johnson*, the appellate court affirmed the trial court's finding that Plaintiff-Johnson's reliance on Attorney's Cover Letter to establish timely filing of her petition was insufficient. Likewise, Ms. Edwards' reliance on the June 5th Cover Letter to establish that her damages petition actually was delivered into the custody of the Clerk by Monday, July 6, 2020, is insufficient.

Lastly, this case also is similar to *Johnson* in that here, as in *Johnson*, Ms. Edwards' attorney failed to follow up on the attempted filing of the petition by mail until after prescription had run. The failure of a plaintiff's attorney to follow up and ensure a petition was actually delivered to the clerk has been cited by the jurisprudence as supporting a finding that prescription was not interrupted. *See Edwards v. DG Ecommerce, LLC*, 23-189, pp. 7-8 (La. App. 5 Cir. 1/31/24), ___ So.3d ___, ___, 2024 WL 367061 (observing that "plaintiff's counsel made no effort to follow up regarding the alleged initial [e-]filing until several months later").

In sum, Ms. Edwards has no evidence to prove actual delivery of her damages petition to the Clerk before the prescriptive period ended on Monday, July 6, 2020. Ms. Edwards has not carried her burden of proof. Accordingly, the trial court did not manifestly err in granting the prescription exception and dismissing Ms. Edwards' suit with prejudice. For these reasons, we pretermit the other issues Ms. Edwards raises on appeal.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**