## UNITED STATES *v.* AYRES.

The mere making and pendency of a motion in the Court of Claims, for a
new trial, under the act of June 25th, 1868, ? 2, is not a sufficient ground
for dismissal of an appeal taken to this court prior to the making of
such motion. But the granting of such motion, and the order for a
new trial, vacating, as it does, the judgment appealed from, is.

THIS case was an appeal from the Court of Claims, and
the matter here reported presents the case of two motions,
made at two different times, for the defendant in error to
dismiss it; made the first time under one state of facts, and
the second time under another and new state; and also a
motion on the other side, under the new state of facts, for a
special action by this court hereinafter stated.  The case in
its whole history was thus:

One Ayres brought suit against the United States in the
Court of Claims, and obtained a judgment for the amount
claimed by him.  An appeal was taken by the government
and was now pending here.  While the appeal was thus
pending, the counsel for the United States made a motion
in that court for a new trial.  This motion for the new trial
was made under an act of June 25th, 1868,* in these words:

"That said Court of Claims, at any time, *while any suit or claim
is pending* before or *on appeal from said court*, or within two years
next after the final disposition of any such suit or claim, may,
on motion, on behalf of the United States, grant a new trial on
any such suit or claim, and stay the payment of any judgment
therein, upon such evidence (although the same may be cumu-
lative or other) as shall reasonably satisfy said court that any
fraud, wrong, or injustice in the premises has been done to the
United States.  But until an order is made staying the payment
of the judgment, the same shall be payable, and paid as now
provided by law."

While the motion for a new trial was thus pending in the
court below, and *before any action upon it by that court, Mr.*

---

* 15 Stat. at Large, 75, ? 2.

*Hughes,* in this court, *for the defendant in error,* Ayres, moved to dismiss the appeal, insisting on the part of the claimant that the two proceedings, the one of appeal, and the other of motion for a new trial, were inconsistent, and not in accordance with a reasonable interpretation of the act; that the counsel of the United States was bound to elect which of the two remedies he would adopt, and having, in this instance, elected the motion for a new trial, the appeal should be dismissed.

*Mr. J. S. Hale, special counsel for the United States,* opposed the motion, contending that the act allowed both proceedings at the same time.

And now, in this condition of the case,

Mr. Justice NELSON delivered the first opinion of the court in the matter.

"We shall not now undertake to give a construction of the several provisions of this section, which are new and anomalous, but shall leave that until cases of actual inconsistency or conflict may arise between the two modes of proceeding. So far as the present question is concerned, there is no great difficulty. The act expressly provides that the motion for a new trial may be made in the court below while the appeal from the judgment there is pending in this court. So far the section is clear; and, although it may be regarded as giving to the government a considerable advantage in the litigation, the power to give it by Congress, cannot, we suppose, be doubted."

The motion to dismiss was accordingly DENIED.

Soon after this action by this court, the Court of Claims granted the new trial which the government had asked for, and stayed payment of the judgment until the final hearing of the cause or the further hearing of the court.

Mr. Hughes now came forward again, asking, for the claimant, to have the appeal dismissed, the ground now assigned being that a new trial had been actually granted

Mr. Hale, opposing this motion in the form asked, presented on the other hand, for the government, a motion asking that the record in the cause pending here might be remitted to the court below for further proceedings in that court, *reserving all questions that might arise in the judgment brought up by the appeal, or for such other order as the court might deem proper.*

And now, on this new state of things, after argument at the bar and advisement,

Mr. Justice NELSON delivered the opinion of the court.

The case stands thus: the petitioner has obtained a judgment in the court below against the government, from which an appeal has been taken, and is pending in this court. A new trial has since been granted by the court below, and the payment of the judgment stayed. The act of Congress furnishes no solution to this anomaly.

We are of opinion the granting of the motion to dismiss the appeal, on the ground that the court has granted a new trial in the cause under the act of Congress, will furnish the best solution of the embarrassments in which the parties find themselves involved. It is quite apparent that the counsel for the government is desirous to retain the appeal notwithstanding the order for a new trial, under an impression that for some unknown or unanticipated occurrence in the proceedings in the court below, the new trial might fall through, and never take place; and, for the like reason, the counsel for the petitioner desires to have the appeal terminated, so as not to be available to his adversary. But, it is quite clear, that the order granting the new trial has the effect of vacating the former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place in the cause. This is the legal effect of the new trial by a court competent to grant it. There is no reason, therefore, for continuing any longer the case on our docket. The motion to dismiss the appeal is

GRANTED.