SARAH PHILLIPS, complainant-appellant,

*v.*

MAX PHILLIPS, defendant-respondent.

[Argued October 23d, 1935. Decided January 31st, 1936.]

*Mr. Isadore Glauberman,* for the complainant-appellant.

*Mr. Milton M. Unger,* for the defendant-respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This appeal presents for review an order made in the court of chancery disposing of a motion to strike out an answer and counter-claim. The court struck out the second and third defenses of the answer and the counter-claim as well but declined to strike out the first defense of the answer. Both

sides appealed. The husband, Max Phillips, defendant in the cause, appealed from the order striking out the second and third defenses and the counter-claim *in toto,* and that appeal (*Phillips* v. *Phillips, 119 N. J. Eq. 462*) has been decided this day. The wife, complainant in the cause, appealed from the order rejecting her motion to strike out the first defense and it is that question only which concerns us at this writing.

The facts of the case are these: Sarah Phillips, the wife, filed a bill for the specific performance of a written agreement for maintenance. The first defense was that the agreement in question was void because it was made as a result of collusion between the parties, husband and wife. Parenthetically, it should be stated that on June 14th, 1924, the complainant wife brought suit against her husband for absolute divorce. On November 14th, 1924, the husband agreed, in writing, to pay to the complainant $10,000 a year in lieu of alimony and for a release of her rights in his real and personal property. The wife accepted this proposal and has performed her part of the pact. The divorce was granted on July 3d, 1925.

Complainant wife seeks a reversal of the order, holding the defense of collusion for final hearing, on three grounds, first, that the defendant husband is estopped from challenging the validity of the agreement because on two occasions she recovered judgment at law in the New York courts for unpaid installments of alimony; second, that this defense was sham; third, that because the defendant had made regular payments under the agreement for nine years or more he ratified it and is therefore precluded from challenging it now.

Under the facts and circumstances here exhibited, we think there is no merit in any of these grounds. The first contention could only be effectual on the theory that the matter in controversy was *res judicata.* That term connotes a final disposition of the issue presently litigated, by a court of competent jurisdiction, between the same parties, and on the merits. It follows therefore that there must be identity in the thing sued for, identity of the cause of action, identity of persons and parties to the action, and identity of the quality in

the persons for or against whom the claim is made. See *Freudenreich* v. *Mayor, &c., Fairview, 114 N. J. Law 290; Bouv. Dict. (Rawle's 3d Rev.) 2910.* The matter before us is not the same cause of action as that litigated in the New York courts. The instant case is a different claim and a different cause of action.

In a subsequent action between the same parties for a different claim or demand, the final judgment in the former case is conclusive and absolute upon the parties in the latter case but only as to the issues litigated in the first case and upon which the judgment was predicated. In the first action between these parties, in New York courts, judgment went against the husband by default. In the second such action the only question raised was the amount that was actually in arrears under the agreement. That the agreement was fraudulent—if it is—was not raised. If the validity of the agreement had been in issue in the former case and if a court, possessed of jurisdiction, had passed upon that validity, the issue of the validity of the agreement would forever have been at rest. This would constitute a bar or estoppel by judgment on that issue; nor could the agreement be challenged anew on this issue by any evidence that was not then raised but which might have been. That issue would be concluded and settled between the parties or their privies. This legal principle has been considered sound from the early case of *Outram* v. *Morewood, 3 East 346.* (King's Bench Reports.)

Appellant, in the presentation of argument on this point, seems to rely upon *Beloit* v. *Morgan, 76 U. S. 610.* The doctrine of their case, however, was, by implication at least, overruled by the later determination of our federal supreme court in *Cromwell* v. *Sac County, 94 U. S. 195.*

The basis of an estoppel by prior judgment is that the fact in issue has been determined by a court of competent jurisdiction. The fact issue here—whether the agreement was collusive—has never been determined.

As to the second point that this particular defense was sham, we need only say that the affidavits for and against it raised a fact issue, the truth of which could not be determined from affidavits alone but required a final hearing.

The third point is that the defendant ratified the agreement by honoring its requirements for many years and is now estopped from challenging it. This reasoning, in the main, under ordinary and innocent circumstances, would be effectual, but where, as here, the agreement is attacked as collusive, which, if true, means that the court of chancery, in granting the divorce, was imposed upon by the fraud of the parties making the agreement, we think that public policy requires an examination into it.

The order of the court of chancery, in refusing to strike the first defense, is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.