**LA SALA MASON CORPORATION v. E. M. RODROCK & SON, Inc., et al.**

Civil Action No. 3955.

District Court, D. New Jersey.

Sept. 7, 1945.

Kristeller & Zucker, of Newark, N. J., for plaintiff.

Harold R. Sanford, of Paterson, N. J., for defendant E. M. Rodrock & Son, Inc.

Joseph J. Karp, of New York City, pro se.

W. Ludlow James, of New York City, for defendant Liberty Mutual Ins. Co.

FAKE, District Judge.

This is an interpleader suit instituted under the provisions of 28 U.S.C.A. § 41 (26). Answers and affidavits have been filed. Plaintiff moves for judgment in its favor on the face of the record, pursuant to the provisions of Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

A consideration of the answers together with the affidavits filed clearly discloses that issues of law and fact are raised. Plaintiff's motion for judgment is therefore denied.

Further it appears from the records properly before the court, on the motion, that plaintiff may not be a neutral stake holder and there is no certainty as to the correctness of the amount deposited with this court.

The amount deposited here is an amount which conforms with a finding of fact preceding a final decree entered in

this court in a suit wherein La Sala Mason Corporation sued Paterson Housing Authority and Paterson Plastering Co., Inc., to have a certain lien claim declared invalid. Neither of the parties sued made any defense to the action and judgment went by default against them. The operative language of the decree does no more than declare the lien invalid and the mention in the findings of fact of a sum certain cannot be accepted as evidence of the amount to be deposited in the instant suit. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195, cited with approval in Phillips v. Phillips, 118 N.J.Eq. 189, 178 A. 265, affirmed, 119 N.J.Eq. 497, 183 A. 222. The doctrine of res judicata does not apply because the answering defendants here were not parties to the above mentioned suit and this court did not fix the amount by the aforesaid decree; nor does estoppel or bar by judgment apply for the same reasons.

In view of the entire record before me an order will be entered denying the motion and dissolving the restraint.