241 N.J. Super. 614 (1990)
575 A.2d 908
STUART NOVACK, PLAINTIFF-APPELLANT,
v.
HARRY CHAIT, MICHAEL J. DEVER, JANE DOE (A FICTITIOUS NAME), WILLIAM ROHRER, MR. LAND OWNER (A FICTITIOUS NAME), VILLAGE APARTMENTS OF CHERRY HILL, INC., CAMDEN DIOCESAN CENTER, ST. MARY'S NURSING HOME, AND MARTHA NOVACK, DEFENDANTS-RESPONDENTS, AND ALBERT J. OLIZI, JR., ESQ., STUART & JENNINGS, AND ARCHDIOCESE OF NEWARK, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 29, 1990.
Decided June 20, 1990.
*616 Before Judges J.H. COLEMAN, BRODY and SKILLMAN.
Charles A. Lutz, attorney for appellant (Anthony J. Brady, Jr., on the brief).
Capehart & Scatchard, attorneys for respondent Harry Chait (Betsy G. Liebman of counsel, Dennis M. Marconi, on the brief).
Marshall, Dennehey, Warner, Coleman and Goggin, attorneys for respondent Michael Dever (Joseph D. Sams, on the brief).
Bernadette A. Duncan, attorney for respondent William Rohrer (Veronica A. Bocco on the brief).
Sue Ellen Johnson, for respondent Martha Novack (Lorraine M. McTiernan on the brief).
No brief was filed on behalf of respondents, Village Apartments of Cherry Hill, Camden Diocesan Center and St. Mary's Nursing Home.
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The key issue raised in this appeal is whether a plaintiff who attempts to file a complaint in a personal injury action with a county clerk but who does not have the filing fee should be deemed to have commenced the action within the contemplation of N.J.S.A. 2A:14-2 and R. 4:2-2.
Plaintiff was injured in an automobile accident on October 30, 1985. Plaintiff alleges that he attempted to file a pro se complaint with the Camden County Clerk on October 30, 1987 and that his complaint was rejected because he was unable to pay the filing fee. He obtained a waiver of the filing fee from the assignment judge and filed his complaint with the Camden County Clerk on November 9, 1987. Six of the seven defendants involved in this appeal obtained pretrial dismissals of the complaint on the ground that the complaint was filed more than *617 two years after the cause of action accrued. We hold that the dismissals must be reversed because we conclude the complaint was filed when it was presented to the county clerk for filing.

I
On October 30, 1985, plaintiff was involved in a motor vehicle accident while a passenger in a motor vehicle operated by his mother, defendant Martha Novack. The accident occurred at the intersection of Kresson Road and the driveway to St. Mary's Church in Cherry Hill. Defendants Michael Dever and Harry Chait were operators of other vehicles involved in the accident. Defendants William Rohrer, Village Apartments of Cherry Hill, Inc., Camden Diocesan Center, and St. Mary's Nursing Home were property owners in the vicinity of the accident. Plaintiff alleged they created or permitted a dangerous condition to exist that contributed to the accident. Between December 1985 and February 1986 plaintiff was represented in this matter by defendant Albert J. Olizi, Jr., an associate in the Stuart Jennings law firm. The attorney-defendants are not involved in this appeal.
During the pretrial phase of this case, the complaint was dismissed as to defendants (1) Michael Dever and William Rohrer pursuant to R. 4:6-2(e) for failure to state a claim (within two years after the accident); (2) Martha Novack, St. Mary's Nursing Home, Camden Diocesan Center and Village Apartments of Cherry Hill, Inc. based on the statute of limitations, N.J.S.A. 2A:14-2; and (3) Harry Chait pursuant to R. 4:23-5(a) because plaintiff failed to timely answer his interrogatories. In an order dated February 3, 1989, the trial court refused to reconsider or vacate the above dismissals. The same order denied plaintiff's application for the appointment of a guardian ad litem to prosecute the present litigation for plaintiff.
The dismissal motions of Dever, Rohrer, Novack and Chait were submitted to the court pursuant to R. 1:6-2 at times when *618 plaintiff was unrepresented by counsel. The record does not reveal whether the court was aware that plaintiff had a mental problem or that he had been adjudged incompetent when the trial court dismissed the complaint as to those four defendants. Nor does the record reveal whether the court was aware at the time of those dismissals that plaintiff had allegedly attempted to file his complaint on October 30, 1987 with the Camden County Clerk. According to the appellate record, the trial court was not aware of those facts until papers were filed in conjunction with a motion to vacate the dismissals.
The motion to vacate or to reconsider the dismissals as to defendants Dever, Rohrer, Novack and Chait was filed on or about January 13, 1989. By that time plaintiff was represented by Anthony J. Brady, Jr., an associate with Charles A. Lutz, P.A., who became plaintiff's attorney on November 30, 1988. In a certification that accompanied plaintiff's motion, plaintiff's counsel advised the court that plaintiff had been declared incompetent in an order dated March 18, 1985 and that his mother Martha Novack had been appointed as his guardian. Because the mother is a named defendant in this litigation, the attorney sought to have someone else appointed, pursuant to R. 4:26-2(b)(3), as a guardian ad litem for plaintiff in this litigation. In addition, certifications of plaintiff and of Gary Geist indicated that plaintiff attempted to file his complaint on October 30, 1987, but that the Camden County Clerk refused to file the complaint because plaintiff could not afford the $75 filing fee. Plaintiff was referred to the chambers of the assignment judge to seek a waiver of the filing fee. A waiver was obtained and the complaint was filed on November 9, 1987.
Medical reports reveal that when plaintiff was declared incompetent in March 1985, he had been experiencing "auditory and visual hallucinations" and "paranoid ideation." Dr. Herbert M. Adler, a psychiatrist, continued to treat plaintiff until November 29, 1988, which was well after the incompetency matter had been concluded. Dr. Adler stated that plaintiff was incompetent throughout the period of March 1985 until his *619 November 29, 1988 examination. On March 12, 1987, Dr. Adler reported that plaintiff "has regressed into a state of withdrawal and cognitive organizations which is as bad as anything I have seen over the last several years." At that time the doctor recommended readmission to the Psychiatric Unit of Jefferson Hospital.

II
On this appeal, plaintiff contends the trial court erred when it refused to vacate the dismissal of his complaint as to defendants Dever, Rohrer, Novack, Chait, St. Mary's Nursing Home, Camden Diocesan Center, and Village Apartments of Cherry Hill, Inc. Plaintiff argues that he was "insane" within the contemplation of N.J.S.A. 2A:14-21 when the foregoing dismissals were obtained and that defendant Chait's motion to dismiss was sent to the wrong address. He also argues that the complaint should be regarded as having been filed on Friday, October 30, 1987 when he attempted to file the complaint with the Camden County Clerk.
Despite the foregoing information, the trial court on February 3, 1989 denied without comment the application to vacate the dismissals and to appoint a guardian ad litem. Even though there has been no hearing to determine whether plaintiff did indeed attempt to file the complaint on October 30, 1987 and whether he continued to be incompetent or was "insane" after the October 30, 1985 accident, the present record before us leaves no doubt that the dismissals should have been vacated after the facts were brought to the attention of the court.
None of the defendants contends that the facts are other than those alleged by plaintiff. In these circumstances, we will exercise original jurisdiction in the interest of justice to prevent further delays. See R. 2:10-5. We find that plaintiff did attempt to file his complaint on Friday, October 30, 1987, but that the Camden County Clerk's Office refused to file it because plaintiff could not afford the filing fee.
*620 N.J.S.A. 2A:14-2 requires a personal injury case to be "commenced" within two years after its accrual. Further, R. 4:2-2 provides that "A civil action is commenced by filing a complaint with the court." Ordinarily, a complaint is filed with the court "if the original is filed with the clerk of the [Superior Court in Trenton]," or "the judge or, at the judge's chambers...." R. 1:5-6(b). But this rule was modified effective September 1, 1987 to create a Local Filing Project for Camden County which requires a complaint to be filed only with the Camden County Clerk. Even before the Local Filing Projects were instituted, the County Clerk in the county of venue became a Deputy Superior Court Clerk by virtue of R. 1:34-2 effective July 1, 1979 to create technical compliance with R. 1:5-6. See Pressler, Current N.J. Court Rules, Comment R. 1:34-2 at 256 (1990).
Effective January 2, 1987, the Supreme Court initiated a Local Filing Project for Mercer County. See 119 N.J.L.J. Index at 2 (1987). The project was later expanded to include Camden County. The Supreme Court's notice of expansion of the Local Filing Projects to include Camden, Monmouth, Ocean and Union Counties appeared in the September 10, 1987 New Jersey Law Journal.[1] It stated:
The Supreme Court has relaxed the Rules of Court so as to permit the establishment of Local Filing Projects in Camden, Monmouth, Ocean and Union Counties. This project will implement a program of direct filing of all law and general equity cases.
All initial pleadings subsequent papers and motions in law and general equity matters venued in Camden, Monmouth and Ocean Counties are to be filed directly with the appropriate County Clerk's office beginning September 1, 1987. Direct filing of cases venued in Union County will begin on October 1, 1987. All fees required to be paid upon the filing of papers must accompany the documents.... [120 N.J.L.J. Index at 470]
*621 In addition, the Supreme Court's Local Filing Projects Order provided:
Pursuant to N.J. Const. (1947), Art. VI, § 2, par. 3, it is ORDERED that the Rule of Court be relaxed and supplemented so as to permit the establishment of the Camden, Monmouth, Ocean and Union County Local Filing Projects as approved by the Court;
It is FURTHER ORDERED that the terms of this Order are effective September 1, 1987 for establishment of the Camden, Monmouth and Ocean County Projects and October 1, 1987 for establishment of the Union County Project, and until further order of the Court;
This supersedes the Court's order dated June 9, 1987 as to the effective dates for these four projects.
 For the Court,
 Alan B. Handler,
 Acting Chief Justice
Dated: August 18, 1987 [120 N.J.L.J. Index at 470 and 473]
The amendment to and relaxation of R. 1:5-6(b) to establish Local Filing Projects also required the filing fee to "accompany the documents." That requirement must be read in conjunction with R. 1:5-6(c). Subsection (c) provides:
The clerk shall file all papers presented to him for filing and may notify the person filing if such papers do not conform to these rules. If, however, a paper is presented for filing without payment of the required filing fee, the clerk shall return the same stamped "Received but not Filed (date)" with notice that if the paper is retransmitted to him together with the filing fee within ten days after the receipt date stamped thereon, filing will be deemed to have been made on said date. [Emphasis added]
The above rule required the Deputy Superior Court Clerk in Camden to stamp the complaint "Received but not Filed" on October 30, 1987 when the complaint was presented without the fee. That rule also required the Deputy Superior Court Clerk to advise plaintiff that if the complaint is returned within ten days together with the filing fee, the complaint would be filed as of October 30, 1987. Laying aside whether the Deputy Clerk complied with the requirement of the rule, we find that plaintiff satisfied the requirements of the rule. He obtained a waiver of the filing fee from the assignment judge and he returned the complaint to the Deputy Clerk on the ninth day. The complaint was filed on November 9, 1987. The complaint is therefore deemed to have been filed on October 30, 1987. See Grubb v. *622 J.C. Penny Co., Inc., 155 N.J. Super. 103, 105, 382 A.2d 405 (App.Div. 1978).
In arriving at the conclusion that plaintiff commenced this action within two years of the accident, we have been guided by the principle that "justice is the polestar and our procedures must ever be moulded and applied with that in mind." New Jersey Highway Auth. v. Renner, 18 N.J. 485, 495, 114 A.2d 555 (1955). Our rules of court, of which R. 1:5-6 is but one, are a means of serving the ends of justice. Sattelberger v. Telep, 14 N.J. 353, 363, 102 A.2d 577 (1954). The plaintiff's delivery of the complaint to a Deputy Superior Court Clerk before the statute of limitations expired and his immediate application to the assignment judge for a waiver of fees show proper diligence. Hence, it cannot be said that plaintiff slept on his rights. It would indeed be inequitable to deny plaintiff his day in court since he was blameless. Should plaintiff be blamed because he is poor? Furthermore, there has been no indication that defendants have been prejudiced by plaintiff's inability to pay the filing fee on October 30, 1987. See Galligan v. Westfield Centre Serv., 82 N.J. 188, 194, 412 A.2d 122 (1980); Lopez v. Swyer, 62 N.J. 267, 274, 300 A.2d 563 (1973). We hold that the personal injury cause of action was "commenced" within two years of its accrual within the meaning of N.J.S.A. 2A:14-2 and R. 4:2-2.
Having concluded that the action was commenced timely, we now conclude that the motion to vacate and/or to reconsider should have been granted. Those dismissals involved in the motion to vacate or to reconsider were interlocutory in nature. See R. 4:42-2. The court had the inherent power "to modify its own interlocutory orders prior to the entry of final judgment." Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 261, 531 A.2d 1078 (App.Div. 1987). The matter did not become a final adjudication until August 1, 1989 when the complaint was dismissed as to the last remaining defendants. *623 For the foregoing reasons, the August 1, 1989 dismissals are also vacated.

III
Next we must decide whether the dismissal against Chait pursuant to R. 4:23-5 for failure to answer interrogatories should be vacated. We conclude that it must be. Dismissal was the ultimate sanction which is simply too harsh in this case.
The dismissal as to Chait was obtained on September 22, 1988 when plaintiff was unrepresented by counsel. Plaintiff asserts that the notice was sent to the wrong address and that he did not receive it. We are completely satisfied that given plaintiff's extensive physical and psychiatric problems and the lack of representation by counsel when the complaint against Chait was dismissed, the trial judge mistakenly exercised his discretion in failing to vacate the dismissal. An injustice has been done. This is especially true where, as here, the judge gives no explanation for not vacating the dismissal. Dismissal of the complaint against Chait is hereby vacated based on fundamental fairness. See Aujero v. Cirelli, 110 N.J. 566, 542 A.2d 465 (1988); Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 194-196, 486 A.2d 920 (App.Div. 1985).

IV
Finally, we hold that the the trial court should have appointed a guardian ad litem for plaintiff in the present litigation pursuant to R. 4:26-2(b)(3). Clearly his mother, who was appointed as his guardian in March 1985, is in a position of conflict since she is a party defendant in the litigation. While we do not find it necessary to direct that a hearing be conducted to determine whether plaintiff was "insane" within the meaning of N.J.S.A. 2A:14-21 for purposes of tolling the time for filing the complaint, the outstanding March 18, 1985 order of the Law Division adjudging plaintiff to be "incompetent, ... *624 unfit and unable to govern himself and manage his affairs" and Dr. Adler's statement that plaintiff continued to be incompetent on November 29, 1988 require that this litigation be prosecuted by a guardian ad litem.
We therefore vacate the orders dated April 29, 1988, June 27, 1988, September 22, 1988 and August 1, 1989 dismissing the complaint as to defendants Dever, Rohrer, Novack, Chait, St. Mary's Nursing Homes, Camden Diocesan Center, and Village Apartments of Cherry Hill, Inc. We also reverse the order entered on February 3, 1989 refusing to appoint a guardian ad litem. We remand the matter to the Law Division to reinstate the complaint as to the above defendants and for the appointment of an appropriate guardian ad litem pursuant to R. 4:26-2(b)(3).
Reversed and remanded.
NOTES
[1] In an Official Court Notice dated March 1, 1990, the New Jersey Supreme Court announced: "As of April 9, 1990, direct filing programs will be in effect in all 21 counties and all filings after that date must be done locally." 125 N.J.L.J. Index at 18 (1990).