Dianne R. TURNER–ADENIJI, Plaintiff,

v.

ACCOUNTANTS ON CALL, Defendant.

Civ. A. No. 94–3638 (JCL).

United States District Court,
D.New Jersey.

July 26, 1995.

**646**

Dianne R. Turner–Adeniji, Newark, NJ, pro se.

Ronald A. Breslow, Wayne, NJ, for defendant.

## MEMORANDUM and ORDER

LIFLAND, District Judge.

Presently before the Court is defendant's motion to dismiss.

*Background*

This is a discrimination action arising from plaintiff's visit to a job fair, which took place in Newark, New Jersey and in which defendant participated. Plaintiff is an African–American woman, aged 41 years old and appears to allege that defendant did not employ her on account of her race, age and gender.

Defendant now moves for dismissal on three grounds: (1) this action was filed in the Superior Court of New Jersey and was dismissed with prejudice for plaintiff's failure to respond to interrogatories; (2) plaintiff fails to state a claim; and (3) plaintiff failed to file her written narrative statement as required by the Magistrate–Judge's Scheduling Order of October 6, 1994.

*State Court Proceeding*

■ Prior to bring this action, plaintiff brought an identical action in the Superior Court of New Jersey. That action was dismissed for plaintiff's failure to comply with a discovery order. Defendant now argues that "law of the case" bars this action. Because this is an entirely separate action, law of the case doctrine is not applicable here. However, the question of whether plaintiff is barred by the doctrine of *res judicata* from bringing this Title VII action is not so simply answered.

■ The constitutional doctrine of full faith and credit is codified at 28 U.S.C. § 1738, which provides that the judicial proceedings of any court of any "State, Territory or Possession of the United States," when properly authenticated, "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Thus, a federal court must give a judgment the same effect as would be given by the court issuing the judgment.

■ New Jersey courts regularly apply *res judicata* to default judgments where a defendant failed to answer. *Crispino v. Chemical Bank New Jersey, N.A.*, 160 B.R. 749, 752–755 (D.N.J.1993) (citing *Phillips v. Phillips*, 118 N.J.Eq. 189, 192, 178 A. 265 (Ch.Div.1935), *rev'd on other grounds*, 119 N.J.Eq. 462, 183 A. 220 (E. & A.) *aff'd in part*, 119 N.J.Eq. 497, 183 A. 222 (E. & A.1936); *Evangel Baptist Church v. Chambers*, 96 N.J.Super. 367, 370–71, 233 A.2d 82 (Ch.Div.1967); *Girard Trust Co. v. McGeorge*, 128 N.J.Eq. 91, 101, 15 A.2d 206 (Ch.Div.1940)). Although the Court has not found a specific case applying *res judicata* to a dismissal ordered as a sanction, the Court presumes that the New Jersey courts would in general give *res judicata* effect to such dismissals in order to effectively enforce their procedural rules. *See Abtrax Pharmaceuticals, Inc. v. Elkins–Sinn, Inc.*, 139 N.J. 499, 655 A.2d 1368 (1995) (affirming dismissal for discovery misconduct that was found to be willful and "contumacious"). However, the New Jersey Supreme Court has also stated that the "ultimate sanction of dismissal" should be used "only sparingly" where no other sanction would suffice. *Id.* at 1375. Further, in *Novack v. Chait*, 241 N.J.Super. 614, 575 A.2d 908 (App.Div.1990), the court held that dismissal for failure to answer interrogatories was inappropriate where the plaintiff was unrepresented by counsel and was suffering from psychiatric and physical disabilities.

■ The record does not indicate in any detail what transpired in the Superior Court. Thus, it is not clear if sanctions other than dismissal might have been appropriate or if plaintiff's conduct was a product of willful-

ness or lack of understanding. Moreover, the Court notes that like the plaintiff in *Novack,* plaintiff here was unrepresented by counsel and has stated that she is suffering from a disability. (Complaint, p. 1.) In light of the New Jersey Supreme Court's admonitions to use dismissal only in extreme cases and the Court's concern for *pro se* litigants, this Court cannot say with certainty that this dismissal would be given preclusive effect by the New Jersey courts.

■ Additionally, the Court does not believe that the full faith and credit doctrine requires that the judgment be given preclusive effect. While it is clear that under the full faith and credit doctrine a federal court must give a judgment the same effect as the court issuing the judgment, that doctrine is of doubtful application where, as here, the judgment of dismissal is a penalty dismissal and the issues involved are issues of federal civil rights, an area of obviously heightened federal concern. Although there appear to be no cases directly dealing with whether penalty dismissals should be given preclusive effect under full faith and credit, commentators have addressed this concern.

> [The problems of how to treat] penalty dismissals seem exquisitely difficult. Dismissals for failure to prosecute or to comply with a discovery order are common examples. Such dismissals do not involve any determination of the merits of the claim; the only reason for precluding a second action is that the first court must have effective sanctions to compel adherence to good procedure. The only strong argument for compelling other courts to preclude a second action is that they owe this assistance to the procedural rules of the first court. This argument is so strong that it probably deserves entry into the realm of full faith and credit. A penalty default judgment for the plaintiff, after all, is almost certainly entitled to enforcement. The result, however, lies a great distance from the clear core of full faith and credit [which is concerned with the stability of the federal system] and it can reasonably be argued that the first state is adequately protected by the power to foreclose proceedings in its own courts.

C. Wright, A. Miller, & E. Cooper, 18 *Federal Practice and Procedure: Jurisdiction* § 4467, pp. 643–44 (1981).

■ It appears to the Court that the federalism concerns which enliven the full faith and credit doctrine are not implicated by a penalty dismissal. The only state interest involved appears to be enforcement of the state's own procedural rules. As noted in Wright, Miller and Cooper, foreclosure of further proceedings in New Jersey's courts is adequate protection of that interest.

This conclusion appears to be more compelling in the context of a Title VII discrimination case. While it appears that certain state court decisions regarding the merits of discrimination claims under Title VII can have preclusive effect on later federal proceedings, *see Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), no case addresses whether a penalty dismissal should have the same effect. Indeed, in *Kremer,* where the Supreme Court held that 28 U.S.C. § 1738 required that federal courts give preclusive effect to state court decisions regarding Title VII claims, the Court was careful to note that the merits of the plaintiff's claims had been dealt with by the New York courts. *Id.* at 480, 102 S.Ct. at 1896.

Thus, it appears to the Court that dismissal of plaintiff's prior state court proceeding does not bar this action.

*Failure to State a Claim*

■ A motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) may be granted only if accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Bartholomew v. Fischl,* 782 F.2d 1148, 1152 (3d Cir.1986); *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3d Cir.), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In setting forth a valid claim, a party is required only to plead "a short plain state-

ment of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P.* 8(a). Additionally, the court holds allegations contained in *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). The Court must construe *pro se* complaints liberally. *Id.*

 Defendant argues that plaintiff failed to state a claim because plaintiff has merely stated that she "is a negro woman, 40 years of age and that she was receiving disability; at no time does plaintiff allege in her complaint that defendant's action or failure to take action was as a result of discrimination." (Def.Br., p. 4.) However, a liberal reading of plaintiff's complaint permits a reasonable inference that plaintiff is making such a claim. Although plaintiff has not alleged in so many words that defendant discriminated against her, it seems clear that this is what plaintiff is alleging. Plaintiff's complaint is slightly over one page long. In it, plaintiff states that she is an African–American woman, age 41 and has a disability. Plaintiff describes her transactions with defendant and concludes by summarizing statutory prohibitions against racial, age and gender discrimination.[1] It is clear to the Court that plaintiff is alleging discrimination on the basis of race, age and gender. However, it is not clear to the Court whether plaintiff intended to include a claim of discrimination the basis of her disability. Thus, the Court holds that plaintiff's complaint adequately alleges claims for race, age and gender discrimination, but does not adequately allege discrimination on the basis of a disability.

*Narrative Written Statement*

Lastly, defendant argues the complaint should be dismissed for plaintiff's failure to submit a narrative written statement as required by Magistrate–Judge Hedges' Scheduling Order. Defendant appears to be unaware of the Magistrate's order of March 30, 1995 in which the Magistrate found that the complaint constitutes the equivalent of a narrative written statement.

Accordingly, IT IS on this 26th day of July 1995 ORDERED that defendant's motion to dismiss is DENIED.

---

1. Plaintiff moved for and was granted permission to amend her complaint in November 1994. Plaintiff appended her proposed amended complaint which stated that defendant had "intentionally discriminated" against her. Although it appears that she was granted permission to file this amended complaint, the docket does not reflect that it was ever filed. Thus, the Court will rest its decision on the filed complaint, as interpreted in the light of its decision permitting amendment to include specific discrimination allegations.