[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14415

Non-Argument Calendar

_____

ESTATE OF GERALDINE F. JENNINGS,
ROBERT J. JENNINGS,
CHERYL FAZO,
KIM S. JENNINGS,

Plaintiffs-Appellants,

*versus*

GULFSHORE PRIVATE HOME CARE, LLC,

Defendant-Third Party Plaintiff-Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cv-00072-SPC-NPM

———————————

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

This Court requested that the Estate of Geraldine F. Jennings, Robert J. Jennings, Cheryl Fazo, and Kim S. Jennings (collectively, Jennings) and Gulfshore Private Home Care, LLC (Gulfshore) respond to jurisdictional questions raised by Jennings's appeal of the district court's November 23, 2020 judgment. We asked them to address (1) given that the November 23, 2020 order and judgment granting summary judgment to Gulfshore were vacated, whether any challenge to that order and judgment was now moot; and (2) whether the notice of appeal was effective to appeal from the district court's November 24, 2020 order and judgment. Both parties filed responses, and Gulfshore incorporated a motion to dismiss Jennings's appeal for lack of appellate jurisdiction.

The facts relevant to the motion to dismiss occurred over a two-day period. On November 23, 2020, the following events occurred: (1) the district court entered an opinion and order granting Gulfshore's fourth motion for summary judgment,

dismissing Jennings's amended complaint with prejudice, and directing the clerk to enter judgment accordingly and to terminate all remaining deadlines and motions;  (2) the clerk entered a document setting out the judgment pursuant to the district court's order; and (3) the district court then entered an endorsed order vacating its opinion and order granting the motion for summary judgment and stating it would "enter an amended decision under separate cover."

On November 24, 2020, Jennings, through counsel, filed a notice of appeal stating Jennings was seeking an appeal "from the judgment of this Court entered on November 23, 2020, which, upon a motion for summary judgment, dismissed the action with prejudice."  The district court transmitted the "initial appeal package" to this Court as well.  The same day, after the district court had docketed and transmitted Jennings's notice of appeal, the district court entered a new opinion and order which granted Gulfshore's fourth motion for summary judgment, denied Jennings's discovery motions as untimely, and directed the clerk to enter judgment accordingly.  The clerk entered judgment pursuant to the new opinion and order.

This Court will not dismiss an appeal "for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear," Fed. R. App. P. 3(c)(4); and "embraces 'a policy of liberal construction of notices of appeal' when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced," *Hill*

*v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (quoting *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir.1981)).  However, this case does not present the circumstances of a notice of appeal that is merely lacking formality or contains a simple mistake of omitting an intended party or order, nor does this case warrant this Court exercising liberal construction of the notice of appeal because (1) Jennings is not proceeding *pro se* and the notice of appeal was filed by Jennings's counsel; (2) the notice of appeal clearly and unambiguously states it is seeking an appeal from the judgment entered on November 23, 2020; and (3) the notice of appeal was filed before the existence of the November 24, 2020 final order and judgment, so there was no possibility that the wrong judgment date was entered by mistake.

Jennings's counseled notice of appeal sought to appeal the judgment from an already vacated final order.  The district court vacated only the November 23 opinion and order granting summary judgment but did not vacate the November 23 clerk-entered judgment.  Jennings asserts that because the district court vacated only the opinion and order, but not the judgment, his notice of appeal deprived the district court of jurisdiction to enter the November 24 opinion and order and judgment.  The flaw in this argument is that the November 23 judgment was dependent on the November 23 opinion and order granting Gulfshore's motion for summary judgment.  Without the November 23 opinion and order, there is no final order disposing of the case and

no final judgment and nothing to appeal.  28 U.S.C. § 1291; *see also Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (explaining this court usually cannot hear appeals from non-final orders). Jennings's notice of appeal of a non-appealable order did not divest the district court of jurisdiction to enter the November 24 order and judgment.  *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc),[1] *superseded by statue on other grounds as recognized by United States v. Martinez*, 763 F.2d 1297, 1308 & n.11 (11th Cir. 1985) (holding that filing a notice of appeal from a non-appealable order does not divest the district court of jurisdiction).

We conclude that by the time the notice of appeal was filed, the November 23 judgment was null and void because the November 23 opinion and order, upon which the judgment was entered, was vacated by the district court.  *See United States v. Ayres*, 76 U.S. 608, 610 (1869) (holding an order granting a new trial had the effect of vacating the former judgment and rendering it null and void, leaving the parties in the same situation as if no trial had ever taken place).  Because the November 23 opinion and order was vacated, there is no live controversy with respect to which this Court may grant meaningful relief and Jennings is no longer aggrieved by the November 23 final order and judgment. Jennings's challenge of the vacated order and judgment is moot.

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

6                    Opinion of the Court                    20-14415

*See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (stating an "issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief"); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining a party to the lawsuit must be aggrieved by the judgment or order to sustain an appeal); *see also Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 110 (2d Cir. 2001) (stating because a vacated judgment has no effect, a party can no longer be aggrieved by that judgment and an appeal from the vacated judgment is moot).

Further, Jennings's counseled notice of appeal is invalid to appeal from the November 24 final judgment because it was filed and entered on the docket before the existence of the November 24 final order and judgment. *See Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (stating under Federal Rule of Appellate Procedure 3(c), a notice of appeal must designate an existent judgment or order, not one that is merely expected or within the appellant's contemplation when the notice of appeal is filed). Moreover, the notice of appeal is invalid to challenge the November 24 final order and judgment because it specifically designated that it was seeking an appeal from the final judgment entered on November 23 which, as discussed above, was vacated. *See* Fed. R. App. P. 3(c)(1)(B) (providing a notice of appeal "must . . . designate the judgment, order, or part thereof being appealed"); *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) (explaining that ordinarily, the failure to abide by the

20-14415                Opinion of the Court                7

requirement a notice of appeal "designate the judgment, order or part thereof appealed from" will preclude the appellate court from reviewing any judgment or order not so specified).

Nor was the district court's vacating of the November 23 order a *sua sponte* reconsideration under Federal Rule of Civil Procedure 59(e), making the notice of appeal effective when the district court entered the November 24 final order. Jennings did not file a notice of appeal from an order or judgment which was still valid and was later revisited and vacated or amended by the district court, but instead filed a notice of appeal from an order and judgment that had already been vacated. Even if we considered the district court's actions to constitute a *sua sponte* reconsideration pursuant to Rule 59(e), Jennings was required to file a new or amended notice of appeal to challenge the November 24 order which resolved the *sua sponte* Rule 59(e) reconsideration. *See* Fed. R. App. 4(a)(4)(B)(ii); *Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013) (stating to seek appellate review of an order entered after the notice of appeal was filed disposing of a tolling motion, the appealing party is required to file a separate notice of appeal or amend its original notice to designate the order on the motion as subject to appeal).

Accordingly, we GRANT Gulfshore's motion to dismiss Jennings's appeal for lack of appellate jurisdiction and this appeal is hereby DISMISSED.