NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0156n.06

Case No. 24-5557

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 21, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| LAMAR CLANCY, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; THAPAR and READLER, Circuit Judges.

SUTTON, Chief Judge. Lamar Clancy won half the battle but only part of the war in this sentencing case. After *United States v. Taylor*, 596 U.S. 845 (2022), Clancy convinced the district court to vacate one of his two convictions. But the court rewarded him only with a three-month reduction in his overall sentence, leaving him with a sentence of 240 months. Clancy claims that he was entitled to more. Because the court acted within its discretion in denying a greater decrease, we affirm.

I.

This case arises from a failed robbery. In 2017, Clancy and an accomplice entered a Boost Mobile store in Memphis with ski masks and guns. Clancy pointed his weapon at employees and declared, "You know what time it is." R.97 at 102. Within seconds, either Clancy or his accomplice—the record isn't clear—started shooting. Store employees retrieved their own

weapons and returned fire. Clancy and an employee were wounded in the crossfire; a customer in the store barely escaped the shootout.

Clancy's injury was not the end of his troubles. In 2019, a jury convicted him of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced him to 63 months on the first count and a consecutive 180 months on the second, yielding a total of 243 months. We affirmed. *United States v. Clancy*, 979 F.3d 1135 (6th Cir. 2020).

Then came *United States v. Taylor*. 596 U.S. 845 (2022). It held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c). *See id.* at 860. Clancy moved to vacate his firearm conviction under 28 U.S.C. § 2255, which the government did not oppose. The district court granted Clancy's motion. At resentencing, the court calculated a Guidelines range of 108 to 135 months. The court varied upward to 240 months, the statutory maximum for attempted Hobbs Act robbery. Clancy appeals.

## II.

## A.

*Scope of § 2255 relief.* Clancy argues that the district court was required to leave intact the original 63-month term of imprisonment for his Hobbs Act conviction. That is not accurate.

Section 2255 allows a federal prisoner to move to vacate a "sentence . . . imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If such a motion succeeds, the district court must "vacate and set [aside] the judgment," *id.* § 2255(b), which includes all the counts of conviction, *see Deal v. United States*, 508 U.S. 129, 131–32 (1993). At that point, the district court may "resentence" the prisoner on any remaining counts or "correct" his sentence "as may appear appropriate." 28 U.S.C. § 2255(b). If a district court resentences the

defendant, as here, it is "akin to beginning the sentencing process" all over again. *United States v. Augustin*, 16 F.4th 227, 232 (6th Cir. 2021) (quotation omitted). It must "recalculate the Guidelines range, reconsider the § 3553(a) sentencing factors, and determine anew what the sentence should be." *Id.* (quotation omitted).

The district court followed these steps. It granted Clancy's motion to vacate his sentence and set the judgment aside. It then proceeded to resentence Clancy on the surviving count, with all the procedural protections to which a criminal defendant is entitled. The district court appointed counsel on his behalf, commissioned a presentence report, addressed Clancy's objections to the report, settled upon the applicable Guidelines range, and balanced the § 3553(a) factors to determine an appropriate sentence. The district court did what § 2255 asked.

Clancy responds that the court should have done less. In his view, a district court completes its job under § 2255 when it vacates the challenged count. But we have rejected that argument, *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997), as has every court of appeals to consider the question, *United States v. Watkins*, 147 F.3d 1294, 1296 n.3 (11th Cir. 1998) (collecting cases). Sensibly so, we would add. Section 2255 authorizes district courts to "resentence" prisoners who successfully move for relief. 28 U.S.C. § 2255(b). As Judge Williams once explained, while § 2255 allows a prisoner to move to vacate "the sentence" he claims is "subject to collateral attack," *id.* § 2255(a), that does not mean he may merely rid himself of the penalty "for a single, specific offense," *United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997). "[T]he sentence" instead means "the sentence as a single aggregate": the total term of imprisonment (and all other penalties) associated with a criminal case. *Id.* That explains why § 2255 directs the district court to "vacate and set the judgment aside," not just the one challenged count. 28 U.S.C. § 2255(b); *see Deal*, 508 U.S. at 131 ("only a single judgment" results from a

3

criminal case, even if a defendant is convicted of several crimes). A collateral attack on a judgment reopens the judgment in full for better or for worse. *Augustin*, 16 F.4th at 231–32; *see also United States v. Davis*, 588 U.S. 445, 469 (2019).

Nor could it be otherwise. It is rarely the case that the various penalties imposed in a multi-count judgment are truly independent. More often such penalties work together to form a package that fulfills the district court's overall mission: impose a sentence that is "sufficient, but not greater than necessary," to punish, deter, incapacitate, and rehabilitate. 18 U.S.C. § 3553(a). What matters is a person's total term of imprisonment, not the term he happens to serve for each offense. *Cf. Morris*, 116 F.3d at 504 (explaining that the Guidelines seek "to minimize the possibility that an arbitrary casting of a single transaction into several counts will produce a longer sentence" (quotation omitted)). Clancy's situation is a case in point. When the district court first sentenced Clancy, it believed 243 months was appropriate. It put together a sentencing package that would accomplish that goal, mindful of the fact that Clancy's firearm conviction carried with it a mandatory 10-year consecutive term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(iii), (D)(ii). Take away that conviction, and little changes about the need to punish, deter, incapacitate, and rehabilitate Clancy for the attempted robbery at issue. The district court sensibly came to the same conclusion. Section 2255 did not stand in its way.

B.

*Enhancement for use of a firearm.* Clancy contests one of the enhancements the district court applied in calculating his Guidelines range—for firing a gun in the course of the offense. U.S.S.G. § 2B3.1(b)(2)(A).

A video shows Clancy doing just that, leaving no doubt that the enhancement applies. In the district court's words, surveillance footage "shows [Clancy] firing his firearm several times"

during the robbery, and a number of witnesses testified that he fired his "weapon multiple times inside the store." R.137 at 11, 36. The district court did not err, clearly or otherwise, in applying an enhancement that covers the offense at hand.

Clancy doesn't dispute these facts. He instead insists that a jury must find them under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Unfortunately for Clancy, *Alleyne* and *Apprendi* say no such thing. *Alleyne* and *Apprendi* teach that a judge may not find facts that increase a crime's statutory minimum (*Alleyne*) or maximum (*Apprendi*). *Alleyne*, 570 U.S. at 111–12 (plurality op.); *Apprendi*, 530 U.S. at 484. But a judge may find facts that help guide his discretion within a given statutory range. *United States v. Booker*, 543 U.S. 220, 258–60 (2005). That is all this enhancement did. *Id.*

The vacatur of Clancy's firearm conviction, to be sure, wiped the slate clean of any factual findings made by the jury in support of that charge. *See United States v. Ayres*, 76 U.S. (9 Wall.) 608, 610 (1869). But it did not strip the judge of his authority to find those same facts again at sentencing, at least insofar as the evidence supported them. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Pembrook*, 79 F.4th 720, 737 (6th Cir. 2023). The reality that Clancy had been sentenced before did not limit the judge's ability to find relevant facts when it sentenced him again.

Our unpublished cases do not help Clancy. The two cases he cites were on appeal at the time the Court decided *Booker*. We vacated and remanded for resentencing in light of *Booker*. *United States v. Stephens*, 148 F. App'x 385, 386 (6th Cir. 2005); *United States v. Norfleet*, 143 F. App'x 645, 647 (6th Cir. 2005). That made sense. *Booker* held that its "remedial interpretation" of the Federal Sentencing Act must be applied "to all cases on direct review." 543 U.S. at 268. In cases like *Stephens* and *Norfleet*, pre-*Booker* district courts labored "under a *mandatory* guideline

regime" where judge-found facts set the range within which a defendant *had* to be sentenced. *Stephens*, 148 F. App'x at 391 (emphasis added); *see also Norfleet*, 143 F. App'x at 654. Neither case has purchase in today's advisory guideline regime.

Clancy suggests that the district court effectively treated the enhancement as mandatory. But the evidence does not support that conclusion. The district court carefully considered (and rejected) Clancy's motion for a downward variance, and noted that "[t]here [is] no mandatory minimum involved." R.137 at 17. When it said that "nothing [had] changed in this case," the district court referred only to "the facts of the case," not the applicable sentencing framework. R.137 at 44. No procedural error occurred.

C.

*Substantive reasonableness*. Clancy challenges the substantive reasonableness of his sentence, in essence claiming that it is "too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). In the context of this "highly deferential review," we ask whether the court "placed too much weight" on some sentencing factors or "too little on others." *Id.* While we may consider "the extent of any variance from the Guidelines," we "must give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." *Gall*, 552 U.S. at 51.

The district court did not abuse its discretion in varying upward. As the court recognized, this was not a run-of-the-mine robbery. Clancy and his accomplice burst into a store, guns drawn, and opened fire. The hail of bullets endangered the employees inside and the bystanders outside. The district court fairly described Clancy's offense as "one of the most serious" it had "seen as far as an attempt[ed] robbery is concerned." R.137 at 37. Nor was this Clancy's first—or second or third or fourth—offense. At just 26 at the time of his first sentence, his track record included seven

aggravated burglaries, voluntary manslaughter, and a parole violation—not to mention this offense, committed just five months after his most recent release from prison. R.78 at 7–12. It was not unreasonable for the district court to conclude that Clancy's "total disrespect for the laws of the state of Tennessee throughout his entire life" necessitated a significant upward variance, especially given that his Guidelines range did not take into account his spree of juvenile crimes. R.137 at 43. We cannot say a 240-month term of imprisonment was unwarranted in Clancy's case.

Clancy argues that the district court gave too much weight to the fact that he used a firearm, essentially punishing him for the vacated § 924(c) conviction. But he misunderstands the effect of the vacatur. His conviction was vacated because attempted Hobbs Act robbery is not categorically a "crime of violence," not because the evidence failed to show that he fired a gun. The district court was entitled (if not required) to consider Clancy's actual conduct in fashioning an appropriate sentence. *See* 18 U.S.C. § 3553(a)(1) (requiring courts to consider "the nature and circumstances of the offense" at sentencing). As the district court pointed out at resentencing, firearm conviction or no, "the facts" of Clancy's "egregious" offense were "still the same" as when it "sentenced him to 243 months." R.137 at 44–45. It did not err when it determined those facts warranted a sentence of 243 months, nor did it err when it came as close to that sentence as it could the second time around.

We affirm.